ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636



| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF LEXINGTON | ) | ELEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Donald Black, Marcia Black, Larry Martin, | ) | C.A. No. 2019-CP-32-02636 |
| Rebecca Martin, Barbara Thompson, and | ) | |
| James Thompson, | ) | |
| | ) | |
| For Themselves and a Class of Similarly | ) | |
| Situated Plaintiffs, | ) | **ANSWER AND** |
| | ) | **AFFIRMATIVE DEFENSES OF** |
| Plaintiffs, | ) | **CENTAURUS FINANCIAL, INC.** |
| | ) | |
| vs. | ) | |
| | ) | |
| Mantei & Associates, Ltd., Ricky Alan | ) | |
| Mantei, Cindy Chiellini, Centaurus Financial, | ) | |
| Inc., and J.P. Turner & Company, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Centaurus Financial, Inc. ("Centaurus" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiffs Donald Black, Marcia Black, Larry Martin, Rebecca Martin, Barbara Thompson, and James Thompson (collectively, "Named Plaintiffs").

Unless hereinafter specifically admitted, Defendant denies each and every allegation of the First Amended Complaint and further denies that Plaintiffs are entitled to the relief sought therein. Defendant further respectfully submits that the headings, sub-headings, footnotes, and any unnumbered paragraphs in the First Amended Complaint do not require a response but, for the avoidance of doubt, such allegations are denied. Defendant responds to the allegations of the First Amended Complaint as follows:

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

## FOR A FIRST DEFENSE

1.     Defendant admits that this action was brought as a putative class action in South Carolina by Named Plaintiffs. Defendant denies the remaining allegations in Paragraph 1.

2.      The allegations in Paragraph 2 are directed to co-defendants, not Centaurus; therefore, no response from Centaurus is required. To the extent, any response is required, Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 2 and, on that basis, denies them.

3.     Defendant admits that Rick Mantei and Cindy Chiellini have been its registered representatives since May 19, 2015. The remaining allegations in Paragraph 3 are directed to co-defendants, not Centaurus; therefore, no response from Centaurus is required. To the extent, any response is required, Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 3 and, on that basis, denies them.

4.     Defendant admits that some of the Named Plaintiffs and other of its customers purchased various structured certificates of deposit, various principal protected notes, and various other corporate bonds. Defendant denies the remaining allegations set forth in Paragraph 4, including all of its sub-parts.

5.     The allegations set forth in Paragraph 5 are conclusions of law and not allegations of fact; therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 5.

6.     Defendant denies the allegations set forth in Paragraph 6.

7.     Defendant denies the allegations set forth in Paragraph 7.

8.     Defendant denies that Named Plaintiffs and any other proposed class members are entitled to any relief whatsoever. Defendant further denies the allegations set forth in Paragraph 8.

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

9.      Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 9 and, on that basis, denies them.

10.      The allegations in Paragraph 10 are directed to co-defendants, not Centaurus; therefore, no response from Centaurus is required. To the extent, any response is required, Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 10 and, on that basis, denies them.

11.      Defendant admits that Rick Mantei and Cindy Chiellini have been its registered representatives since May 19, 2015. The allegations related to the residency and citizenship of co-defendants Rick Mantei and Cindy Chiellini are directed to co-defendants, not Centaurus; therefore, no response from Centaurus is required. To the extent, any response is required regarding these allegations, Defendant lacks sufficient knowledge to form a belief about their truth or falsity and, on that basis, denies them. Defendant denies the remaining allegations set forth in Paragraph 11.

12.      Defendant admits the allegations set forth in Paragraph 12.

13.      The allegations in Paragraph 13 are directed to a co-defendant, not Centaurus; therefore, no response from Centaurus is required. To the extent, any response is required, Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 13 and, on that basis, denies them.

14.      Defendant admits that the allegations contained in the First Amended Complaint involve alleged events that took place in the State of South Carolina. Defendant denies the allegations set forth in Paragraph 14 insofar as they allege or imply any wrongdoing on behalf of Defendant.

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

15.    Defendant admits that it has conducted business in Lexington County, South Carolina, that this Court has concurrent jurisdiction over the claims stated in the First Amended Complaint, and that venue is proper; however, Defendant denies that any wrongdoing occurred that would support the claims against Defendant in the First Amended Complaint.

16.    The allegations set forth in Paragraph 16 are conclusions of law and not allegations of fact; therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 16.

17.    Defendant admits that venue is proper but denies that any wrongdoing occurred that would support the claims against Defendant in the First Amended Complaint.

18.    The allegations in Paragraph 18 are directed to co-defendants, not Centaurus; therefore, no response from Centaurus is required. To the extent, any response is required, Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 18 and, on that basis, denies them.

19.    Defendant admits that multiple brokers previously affiliated with J.P. Turner & Company, L.L.C. became registered representatives of Defendant in May 2015. Defendant denies the remaining allegations set forth in Paragraph 19.

20.    Defendant admits that it reviewed certain relevant documents and information regarding Rick Mantei and Cindy Chiellini, including – but not limited to – their employment histories and central registration depository ("CRD") records, prior to hiring these individuals. Defendant denies the remaining allegations set forth in Paragraph 20.

21.    Defendant admits the allegations set forth in Paragraph 21.

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

22.     Defendant denies that Named Plaintiffs and any other proposed class members are entitled to any relief whatsoever. Defendant further denies the allegations set forth in Paragraph 22 insofar as they allege or imply any wrongdoing on behalf of Defendant.

23.     Defendant admits that it has advertised through the use of outdoor signage. Defendant denies the remaining allegations set forth in Paragraph 23.

24.     Defendant denies the allegations set forth in Paragraph 24, including all of its sub-parts.

25.     Defendant denies the allegations set forth in Paragraph 25.

26.     Defendant admits that all of its outdoor signage was accurate. Defendant denies the remaining allegations set forth in Paragraph 26.

27.     Defendant denies the allegations set forth in Paragraph 27.

28.     Defendant admits that it described FDIC insured products as FDIC insured. Defendant denies the remaining allegations set forth in Paragraph 28.

29.     Defendant denies the allegations set forth in Paragraph 29.

30.     Defendant denies the allegations set forth in Paragraph 30.

31.     Defendant denies the allegations set forth in Paragraph 31.

32.     Defendant denies the allegations set forth in Paragraph 32.

33.     Defendant denies the allegations set forth in Paragraph 33.

34.     Defendant denies the allegations set forth in Paragraph 34.

35.     Defendant denies the allegations set forth in Paragraph 35.

36.     Defendant admits that some investments in which Named Plaintiffs invested had variable interest rates that could potentially drop to zero for a period of time. Defendant further admits that some investments in which Named Plaintiffs invested traded on a secondary market

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

and could fluctuate in value. Defendant denies the allegations set forth in Paragraph 36 insofar as they allege or imply any wrongdoing on behalf of Defendant.

37.     Defendant denies the allegations set forth in Paragraph 37.

38.     Defendant denies the allegations set forth in Paragraph 38.

39.     Defendant denies the allegations set forth in Paragraph 39.

40.     Defendant denies the allegations set forth in Paragraph 40.

41.     Defendant denies the allegations set forth in Paragraph 41.

42.     Defendant denies the allegations set forth in Paragraph 42.

43.     Defendant denies the allegations set forth in Paragraph 43.

44.     Defendant denies the allegations set forth in Paragraph 44.

45.     Defendant denies the allegations set forth in Paragraph 45.

46.     Defendant admits that its representatives made proper and suitable recommendations to its customers, taking into account the individualized needs, obligations, and risk tolerances of its customers. Defendant denies the remaining allegations set forth in Paragraph 46.

47.     Defendant denies the allegations set forth in Paragraph 47.

48.     Defendant denies the allegations set forth in Paragraph 48.

49.     Defendant denies the allegations set forth in Paragraph 49.

50.     Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 50 and, on that basis, denies them.

51.     Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 51 and, on that basis, denies them.

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

52.     Defendant denies that any of its representatives met with or were otherwise in contact with Plaintiff Donald Black prior to May 2015. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 52 and, on that basis, denies them.

53.     Defendant denies that any of its representatives met with or were otherwise in contact with Plaintiff Donald Black prior to May 2015. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 53 and, on that basis, denies them.

54.     Defendant denies that any of its representatives met with or were otherwise in contact with Plaintiff Donald Black prior to May 2015. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 54 and, on that basis, denies them.

55.     Defendant denies that the Nazareth United Methodist Church has purchased any investments while it has held an account with Centaurus. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 55 and, on that basis, denies them.

56.     Defendant denies that the Nazareth United Methodist Church has purchased any investments while it has held an account with Centaurus. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 56 and, on that basis, denies them.

57.     Defendant denies that any of its representatives met with or were otherwise in contact with Plaintiffs Donald or Marcia Black prior to May 2015. Defendant lacks sufficient

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 57 and, on that basis, denies them.

58.     Defendant denies that Plaintiffs Donald and Marcia Black deposited $60,000 into a Centaurus account. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 58 and, on that basis, denies them.

59.     Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 59 and, on that basis, denies them.

60.     Defendant denies that Plaintiffs Donald and Marcia Black purchased a single structured certificate of deposit with a cost basis of $60,000 in any Centaurus account. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 60 and, on that basis, denies them.

61.     Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 61 and, on that basis, denies them.

62.     Defendant admits that Plaintiffs Donald and Marcia Black purchased a JPMorgan Chase structured certificate of deposit for around $50,000 and that this investment was the only investment purchased by Plaintiffs Donald and Marcia Black in their Centaurus account. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 62 and, on that basis, denies them.

63.     Defendant admits that the JPMorgan Chase structured certificate of deposit that Plaintiffs Donald and Marcia Black purchased in their Centaurus account had a stated maturity of 2035. Defendant otherwise lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 63 and, on that basis, denies them.

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

64.    Defendant denies that the Nazareth United Methodist Church has purchased any investments while it has held an account with Centaurus. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 64 and, on that basis, denies them.

65.    Defendant denies the allegations set forth in Paragraph 65.

66.    Defendant denies the allegations set forth in Paragraph 66.

67.    Defendant admits that it periodically sends its customers written communications to confirm that customer's investment objectives and other relevant information. Defendant denies the remaining allegations set forth in Paragraph 67.

68.    Defendant denies the allegations set forth in Paragraph 68.

69.    Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 69 and, on that basis, denies them.

70.    Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 70 and, on that basis, denies them.

71.    Defendant denies that any of its representatives met with or were otherwise in contact with Plaintiffs Larry or Rebecca Martin prior to May 2015. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 71 and, on that basis, denies them.

72.    Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 72 and, on that basis, denies them.

73.    Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 73 and, on that basis, denies them.

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

74.     Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 74 and, on that basis, denies them.

75.     Defendant denies that Plaintiffs Larry or Rebecca Martin held an account with Centaurus prior to May 2015. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 75 and, on that basis, denies them.

76.     Defendant denies that Plaintiffs Larry or Rebecca Martin held an account with Centaurus prior to May 2015. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 76 and, on that basis, denies them.

77.     To the extent these allegations are made against Defendant, Defendant denies the allegations set forth in Paragraph 77. Defendant otherwise lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 77 and, on that basis, denies them.

78.     To the extent these allegations are made against Defendant, Defendant denies the allegations set forth in Paragraph 78. Defendant otherwise lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 78 and, on that basis, denies them.

79.     Defendant admits that the investments purchased by Plaintiffs Larry and Rebecca Martin in their Centaurus accounts had stated maturities of 2034; however, none of these investments are at issue in this case pursuant to the ruling of the United States District Court for the District of South Carolina. Defendant otherwise lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 79 and, on that basis, denies them.

80.     Defendant denies the allegations set forth in Paragraph 80.

81.     Defendant denies the allegations set forth in Paragraph 81.

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

82.     Defendant admits that Plaintiffs Larry and Rebecca Martin transferred their accounts from Centaurus at various points throughout 2018. Defendant denies the remaining allegations set forth in Paragraph 82 insofar as they allege or imply any wrongdoing on behalf of Defendant.

83.     Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 83 and, on that basis, denies them.

84.     Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 84 and, on that basis, denies them.

85.     Defendant denies that any of its representatives met with or were otherwise in contact with Plaintiffs James or Barbara Thompson prior to May 2015. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 85 and, on that basis, denies them.

86.     Defendant denies that any of its representatives met with or were otherwise in contact with Plaintiffs James or Barbara Thompson prior to May 2015. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 86 and, on that basis, denies them.

87.     Defendant denies that any of its representatives met with or were otherwise in contact with Plaintiffs James or Barbara Thompson prior to May 2015. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 87 and, on that basis, denies them.

88.     Defendant denies that any of its representatives met with or were otherwise in contact with Plaintiffs James or Barbara Thompson prior to May 2015. Defendant lacks sufficient

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 88 and, on that basis, denies them.

89.     Defendant denies that Plaintiff James Thompson purchased a structured CD through his Centaurus individual retirement account. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 89 and, on that basis, denies them.

90.     Defendant denies that Plaintiff Barbara Thompson purchased a principal protected note through her Centaurus individual retirement account. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 90 and, on that basis, denies them.

91.     Defendant denies that Plaintiffs James and Barbara Thompson purchased a structured CD or a $34,000 principal protected note through any of their Centaurus accounts. Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations in Paragraph 91 and, on that basis, denies them.

92.     To the extent these allegations are made against Defendant, Defendant denies the allegations set forth in Paragraph 92. Defendant otherwise lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 92 and, on that basis, denies them.

93.     Defendant denies that Plaintiffs James and Barbara Thompson purchased any investments that fit within the First Amended Complaint's definition of the investments at issue through their Centaurus accounts. Defendant otherwise lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 93 and, on that basis, denies them.

94.     Defendant admits that in late 2016 Plaintiffs Larry and Rebecca Martin sold a structured CD that was transferred into their Centaurus accounts. Defendant denies the remaining

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

allegations set forth in Paragraph 94 insofar as they allege or imply any wrongdoing on behalf of Defendant.

95.     Defendant admits that Named Plaintiffs have brought a putative class action and seek to represent the class described. Defendant denies that certification of this proposed class is proper.

96.     The allegations set forth in Paragraph 96 are conclusions of law and not allegations of fact; therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 96.

97.     Defendant denies that certification of a class is proper in this matter. Defendant otherwise lacks sufficient knowledge to form a belief about the truth or falsity of the allegations in Paragraph 97 and, on that basis, denies them.

98.     The allegations set forth in Paragraph 98 are conclusions of law and not allegations of fact; therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 98, including all of its sub-parts.

99.     The allegations set forth in Paragraph 99 are conclusions of law and not allegations of fact; therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 99, including all of its sub-parts.

100.     The allegations set forth in Paragraph 100 are conclusions of law and not allegations of fact; therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 100.

101.     Defendant denies that its customers, including Named Plaintiffs and any other proposed class members, received improper recommendations regarding suggested investments. The remaining allegations set forth in Paragraph 101 are conclusions of law and not allegations of

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

fact; therefore, no answer is required. To the extent an answer is required, Defendant denies the remaining allegations set forth in Paragraph 101.

102.    Defendant denies the allegations set forth in Paragraph 102.

103.    Defendant restates its responses to all of the foregoing paragraphs as if fully set forth herein.

104.    Defendant denies the allegations set forth in Paragraph 104.

105.    Defendant denies the allegations set forth in Paragraph 105.

106.    The allegations set forth in Paragraph 106 are conclusions of law and not allegations of fact; therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 106.

107.    Defendant denies the allegations set forth in Paragraph 107.

108.    Defendant denies that Named Plaintiffs and any other proposed class members are entitled to any relief whatsoever. Defendant further denies the allegations set forth in Paragraph 108 insofar as they allege or imply any wrongdoing on behalf of Defendant.

109.    Defendant restates its responses to all of the foregoing paragraphs as if fully set forth herein.

110.    Defendant denies the allegations set forth in Paragraph 110.

111.    Defendant denies the allegations set forth in Paragraph 111.

112.    Defendant denies the allegations set forth in Paragraph 112.

113.    Defendant denies the allegations set forth in Paragraph 113.

114.    Defendant denies the allegations set forth in Paragraph 114, including all of its sub-parts.

115.    Defendant denies the allegations set forth in Paragraph 115.

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

116.    Defendant denies that Named Plaintiffs and any other proposed class members are entitled to any relief whatsoever. Defendant further denies the allegations set forth in Paragraph 116.

117.    Defendant restates its responses to all of the foregoing paragraphs as if fully set forth herein.

118.    Defendant denies the allegations set forth in Paragraph 118.

119.    Defendant denies the allegations set forth in Paragraph 119.

120.    Defendant denies that Named Plaintiffs and any other proposed class members are entitled to any relief whatsoever. Defendant further denies the allegations set forth in Paragraph 120.

121.    Defendant restates its responses to all of the foregoing paragraphs as if fully set forth herein.

122.    Defendant denies the allegations set forth in Paragraph 122.

123.    Defendant denies the allegations set forth in Paragraph 123.

124.    Defendant denies the allegations set forth in Paragraph 124.

125.    Defendant denies the allegations set forth in Paragraph 125.

126.    Defendant denies that Named Plaintiffs and any other proposed class members are entitled to any relief whatsoever. Defendant further denies the allegations set forth in Paragraph 126.

127.    Defendant restates its responses to all of the foregoing paragraphs as if fully set forth herein.

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

128.    The allegations set forth in Paragraph 128 are conclusions of law and not allegations of fact; therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 128.

129.    Defendant denies the allegations set forth in Paragraph 129.

130.    Defendant denies the allegations set forth in Paragraph 130.

131.    Defendant denies the allegations set forth in Paragraph 131.

132.    Defendant denies the allegations set forth in Paragraph 132.

133.    Defendant denies the allegations set forth in Paragraph 133.

134.    Defendant denies the allegations set forth in Paragraph 134.

135.    Defendant denies the allegations set forth in Paragraph 135.

136.    Defendant denies that Named Plaintiffs and any other proposed class members are entitled to any relief whatsoever. Defendant further denies the allegations set forth in Paragraph 136.

With regard to the allegations in the unnumbered WHEREFORE paragraph, Defendant denies that Named Plaintiffs and any other proposed class members are entitled to any relief whatsoever. Defendant further denies the allegations set forth in this paragraph.

## **FOR A SECOND DEFENSE**

The First Amended Complaint fails to state a claim for which relief may be granted against Defendant.

## **FOR A THIRD DEFENSE**

The First Amended Complaint is barred by the applicable statute of limitations and/or the applicable statute of repose.

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

## FOR A FOURTH DEFENSE

Defendant breached no duty owed to Plaintiffs by operation of contract or law.

## FOR A FIFTH DEFENSE

The First Amended Complaint is barred by the equitable doctrines of waiver, consent, estoppel, ratification and/or laches.

## FOR A SIXTH DEFENSE

Plaintiffs' damages, if any, are due to the acts and/or omissions of third persons over whom Defendant has no control or right of control.

## FOR A SEVENTH DEFENSE

Plaintiffs' claims are barred or must be reduced by virtue of Plaintiffs' failure to mitigate, minimize or avoid the damages allegedly sustained.

## FOR AN EIGHTH DEFENSE

Any liability which might otherwise be imposed upon Defendant should be reduced by application of comparative negligence.

## FOR A NINTH DEFENSE

Plaintiffs cannot recover because the claimed damages were proximately caused by the intervening, superseding, or supervening negligence, recklessness, willfulness, or wantonness of persons other than Defendant.

## FOR A TENTH DEFENSE

Plaintiffs have not sustained any damages by virtue of any act or omission of Defendant or any of its agents or employees.

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

## FOR AN ELEVENTH DEFENSE

Plaintiffs' claims are barred because there is no causal relationship between any acts or omissions by Defendant and the damages, if any, suffered by Plaintiffs.

## FOR A TWELFTH DEFENSE

Any injuries allegedly suffered by Plaintiffs were due to a condition of which Defendant had no actual or constructive notice.

## FOR A THIRTEENTH DEFENSE

Any and all of Defendant's actions challenged by Plaintiffs were prudent, reasonable, lawful, justified and carried out in good faith.

## FOR A FOURTEENTH DEFENSE

To the extent class certification is denied, Plaintiffs' individual claims in the First Amended Complaint are subject to a predispute arbitration provision requiring Plaintiffs to arbitrate their claims against Defendant.

## FOR A FIFTEENTH DEFENSE

Plaintiffs' claims in the First Amended Complaint are precluded pursuant to the Securities Litigation Uniform Standards Act of 1998, 112 Stat. 3227.

## FOR A SIXTEENTH DEFENSE

The imposition of punitive damages would violate the equal protection, due process, and excessive fines clauses of the United States and South Carolina Constitutions. With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arise in the decisions of *Garrison v. Target Corp.*, No. 2017-000267, 2020 WL 216297 (S.C. Ct. App. Jan. 15, 2020); *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper*

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

*Industries, Inc. v. Leatherman tool Group, Inc.*, 532 U.S. 425 (2001), and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003). Because punitive damages are quasi-criminal in nature, the Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Defendant from unreasonable punitive damages awards. *See Garrison*, at *6 (quoting *Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 52, 691 S.E.2d 135, 150 (2010)). To the extent a punitive damages award is excessive, it constitutes an arbitrary deprivation of property. *See id.* (quoting *Mitchell, Jr. v. Fortis Ins. Co.*, 385 S.C. 570, 583, 686 S.E.2d 176, 183 (2009)). Subject to the Due Process Clause, with regard to any punitive damages award, clear and convincing evidence must support a conclusion that: (a) Plaintiffs' harm was proximately caused by Defendant's willful, wanton, or reckless conduct with regard to Plaintiffs' rights; (b) a reasonable relationship exists between the amount of the punitive damages awarded and the degree of reprehensibility of Defendant's conduct; (c) the disparity between the actual and potential damages suffered by Plaintiffs and the amount of the punitive damages award does not exceed a ratio of 9:1; and (d) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases is not unreasonably disparate. *See Garrison*, at *9-*12 (internal citations omitted).

## FOR A SEVENTEENTH DEFENSE

Punitive damages may only be awarded: (a) subject to a bifurcated trial under which the jury determines liability for compensatory damages and their amount first, followed by a separate trial before the same jury of all punitive issues, including punitive liability; (b) if, in the first stage of trial, Plaintiffs prove the elements of their case for actual damages by a preponderance of the evidence; (c) if, during the first stage of trial, the jury awards Plaintiffs compensatory or nominal damages; (d) if Plaintiffs prove by *clear and convincing evidence* that his harm was the result of

3:23-cv-04149-MGL      Date Filed 08/18/23      Entry Number 8      Page 20 of 21

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636

Defendant's willful, wanton, or reckless conduct; (e) following the trial court's review of the jury's decision to grant punitive damages, pursuant to South Carolina Code § 15-32-520(F); and (f) in a case with multiple defendants, if the punitive damages award(s) are specific to each defendant, who is severally liable only for those punitive damages assigned by the jury to him. *See* S.C. Code § 15-32-320.

## FOR AN EIGHTEENTH DEFENSE

Plaintiffs' rights to recover punitive damages, if any, are limited by caps as set forth in the South Carolina Code, § 15-32-530.

## RESERVATION OF RIGHTS

Defendant has not completed its investigation of Plaintiffs' allegations. Defendant intends to act as best it can to inform itself of the pertinent facts and circumstances surrounding the allegations in Plaintiffs' First Amended Complaint. Thus, Defendant hereby gives notice of its intent to assert any further affirmative defenses that it may learn to be supported by facts and/or law. Defendant reserves the right to amend this Answer and to assert any other affirmative defenses.

**WHEREFORE**, having fully answered Plaintiffs' First Amended Complaint, Defendant prays that Plaintiffs take nothing for the First Amended Complaint, that the Court dismisses Plaintiffs' First Amended Complaint with prejudice, that Defendant be awarded its costs and attorneys' fees to the extent permitted by law, and for such other and further relief as the Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

/s/ Joel H. Smith
Joel H. Smith, SC Bar No. 5266
Richard H. Willis, SC Bar No. 6159
Kevin J. Malloy, SC Bar No. 100170
Bowman and Brooke LLP
1441 Main Street, Suite 1200
Columbia, SC  29201-2897
(803) 726-7422
Joel.Smith@bowmanandbrooke.com
Richard.Willis@bowmanbrooke.com
Kevin.Malloy@bowmanandbrooke.com


A. Inge Selden, III (admitted *pro hac vice*)
Joshua D. Jones (admitted *pro hac vice*)
J. Christina Boardman, SC Bar No. 104395
Bressler, Amery & Ross, P.C.
2001 Park Place, Suite 15000
Birmingham, AL  35203
(205) 820-7040
iselden@bressler.com
jdjones@bressler.com
cboardman@bressler.com

*Attorneys for Centaurus Financial, Inc.*

March 12, 2021
Columbia, South Carolina

ELECTRONICALLY FILED - 2021 Mar 12 3:24 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202636