IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Donald Black, Marcia Black, Larry Martin, Rebecca Martin, Barbara Thompson, and James Thompson,<br><br>For themselves and a Class of Similarly Situated Plaintiffs,<br><br>Plaintiffs,<br><br>vs.<br><br>Mantei & Associates, Ltd., Ricky Alan Mantei, Cindy Chiellini, Centaurus Financial, Inc., and J.P. Turner & Company, L.L.C,<br><br>Defendants. | C/A NO. 3:23-cv-04149-MGL<br><br><br><br><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEYS' FEES AND COSTS** |

Plaintiffs Donald Black, Marcia Black, Larry Martin, Rebecca Martin, Barbara Thompson, and James Thompson, for themselves and a class of similarly situated Plaintiffs (collectively, Named Plaintiffs), file this reply under 28 U.S.C. § 1447(c) and Local Rule 7.07 in support of their motion to remand and for an award of attorneys' fees and costs.

## INTRODUCTION

Defendants' opposition cannot avoid the inevitable—this case must be remanded under any scenario. If the Court finds that it fully resolved these issues in its first remand order and left this question to Judge McLeod, then remand is required. If the Court considers whether the Barclays Bank PLC notes are covered securities, which it should not, and finds that they are not covered, then remand is still required. And if the Court finds that the Barclays notes are covered securities, then they are automatically excluded from this case and remand is once again required. This is exactly where the Court left the parties three years ago. Nothing has changed.

1

Defendants have a choice between federal and state court to determine whether the *action* is precluded; Defendants chose federal court, and they lost. But they do not have a choice between federal and state court for the separate question of whether any given *product* is a covered security and thus excluded from the case. That question "is insufficient to create a federal question" and "SLUSA no longer applies to the case." [Dkt. No. 1-3 at 227.] Yet that question is all Defendants' removal concerns: a state court dispute about whether a specific issuer's products are covered securities. Defendants do not deny this—or even argue that the Barclays notes at issue will remain a part of the case should they be found to be covered securities (they will not).

Defendants' successive removal in the homestretch before class certification disregards the Court's clear mandate and is the very "procedural fencing" barred by 28 U.S.C. 1447(d). *See Fouad v. Milton Hershey Sch. & Sch. Tr.*, 523 F. Supp. 3d 648, 653 (S.D.N.Y. 2021) (quotation and citation omitted). Defendants had no intention of complying with this Court's remand order and did not have a good-faith basis to remove this case again. The Court was right the first time, and it is right now—"SLUSA no longer applies to the case." [Dkt. No. 1-3 at 227.]

Judge McLeod, a highly regarded and experienced trial judge, has adeptly managed this case for three years in the state court. His familiarity with the case, the parties, and the issues puts him in the best position to make the product determination, just as this Court directed. Defendants cannot wrest control of the case away from him in the eleventh hour, which is exactly their goal. Remand and an award of attorneys' fees and costs are warranted.

## LAW/ANALYSIS

### I.     The Traditional Remand Standard Applies Under SLUSA.

The governing standard of review is clear—this Court shall remand an action to state court if there are any doubts as to the propriety of federal jurisdiction. Defendants argue that SLUSA

somehow changes this well-settled standard to one in favor of federal jurisdiction. But aside from questing the veracity of Named Plaintiffs' standard of review simply because it "does not cite a single SLUSA case," [Dkt. No. 21 at 4] Defendants do not provide any authority in which a court applied a more lenient standard on a motion to remand an action removed under SLUSA.

Defendants seek to bolster their proposition through inapposite case law which considers preclusion under SLUSA, not removal. [*Id.* (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85–87 (2006).] They cannot cite relevant case law because the Supreme Court has rejected Defendants' argument that a lower standard applies to SLUSA removals. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006). The law is clear: when SLUSA is used to remove a case from state court, it must be construed narrowly, with all doubts resolved in favor of remand. *See Dougherty v. Cerra*, 987 F. Supp. 2d 721, 726 (S.D.W. Va. 2013) (narrowly construing SLUSA removal provision and imposing burden of proof on removing defendant). This Court applied that standard in the first removal [Dkt. No. 1-3 at 224] and should apply it here.

Relatedly, Defendants argue for a broad scope of review because, they claim, SLUSA's removal provision is an exception to the well pleaded complaint rule. [Dkt. No. 21 at 13–14.] The Supreme Court held SLUSA falls outside the well pleaded complaint exception. *Kircher*, 547 U.S. at 644 n.12; *see also Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1220 (9th Cir. 2009) (recognizing *Kircher* overruled cases holding SLUSA is an exception to the well pleaded complaint rule). This Court agreed when previously remanding the case. [Dkt. No. 1-3 at 224–25.]

In any event, even an exception to the well pleaded complaint rule would not give Defendants carte blanche to rewrite Named Plaintiffs' claims. *See, e.g., Green v. Ameritrade, Inc.*, 279 F.3d 590, 599 (8th Cir. 2002); *Nicole v. Sch. Dist. of Philadelphia*, No. 16-CV-1457, 2016 WL 3456924, at *4 (E.D. Pa. June 20, 2016) (finding an exception to the well pleaded complaint

rule does not make a case removable "simply because it alleges facts that could give rise to a claim under federal law"). None of the cases Defendants cite held that a court may find a claim is preempted because a dispute exists about whether a certain product is a covered security when the action *expressly excludes covered securities.* [*See* Dkt. No. 21 at 13–14.] Instead, these cases hold only that a court may look outside a complaint to find that the "in connection" requirement will be met if the allegations in the complaint "necessarily allege," "necessarily involve," or "rest on" the purchase or sale of covered securities. *Romano v. Kazacos*, 609 F.3d 512, 521 (2d Cir. 2010).

The Eight Circuit in *Green* rejected an overbroad reading of SLUSA's exception to the well pleaded complaint rule and found that a plaintiff "may even plead [a misrepresentation claim] and escape SLUSA preemption, so long as his state-law claim does not require him to prove there was a sale or purchase of a covered security in reliance on the misrepresentation." 279 F.3d at 599; *see also Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 700 (9th Cir. 2021) (finding the district court did not have jurisdiction over claims under SLUSA because, in part, "[j]ust as plaintiffs cannot avoid SLUSA through crafty pleading, defendants may not recast state law claims as fraud claims by arguing that they 'really' involve deception or misrepresentation," (quotation omitted)); *see also Connolly v. Aetna U.S. Healthcare, Inc.*, 286 F. Supp. 2d 391, 404 (D.N.J. 2003) (refusing to apply ERISA's complete preemption to the well pleaded complaint rule because the complaint did not present a federal question and plaintiffs' expert's inclusion of certain federal law damages did not necessarily mean "that plaintiffs necessarily seek relief for such actions in their complaint, or that their complaint should be completely preempted on that factual basis").

## II.     Defendants' Refusal to Admit Whether Products Are Covered Estops Them from Removing This Case.

Early in the case, Defendants represented to Judge McLeod that they "are hopeful the parties will be able to come to an agreement on which investments are covered securities, and,

once agreed upon, Plaintiffs will not seek further discovery (beyond what Defendants have already provided) regarding investments that qualify as SLUSA covered securities and, thus, are 'excluded from the lawsuit entirely.'" [Dkt. No. 1-6 at 70.] That agreement did not materialize. And when Named Plaintiffs later asked Defendants to admit or deny whether the products they sold are covered—including the 37 Barclays notes—Defendants refused in part because:

> Whether the products identified in Exhibit A qualify as "covered securities" under the Securities Uniform Litigation Standards Act ("SLUSA") is a matter for the court to decide. In granting Plaintiffs' Motion to Remand in this action, Judge Lewis specifically held:
>
> > Importantly, a state court is "an equally competent body ... to make the preclusion determination" under SLUSA. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 645 (2006). Thus, the fact a court might need to make later preclusion determinations on individual products associated with the purportedly fraudulent acts is insufficient to create a federal question.
>
> *Black v. Mantei & Assocs., Ltd.*, No. CV 3:19-02097-MGL, 2020 WL 4432877, at *3 (D.S.C. July 31, 2020) (emphasis added).

[*E.g.*, Dkt. No. 14-4 at 4.] Defendants brush their response aside, claiming that they "could not have predicted that the Plaintiffs' Expert Designations, served one year later, would make a claim for damages based on covered securities." [Dkt. No. 21 p. 13 n.2.] But that is exactly what they expected, or even hoped, after they laid in the weeds and refused to state whether any product is covered. Relying on their position that the "state court" will resolve the issue without "create[ing] a federal question," Named Plaintiffs tasked Dr. McCann with helping make that presentation to Judge McLeod. It is for those efforts that Defendants now seek to remove the case a second time.

"Equitable estoppel is a well established concept invoked by courts to aid a party who, in good faith, has relied, to his detriment, upon the representations of another." *U.S. ex rel. Humble Oil & Ref. Co. v. Fid. & Cas. Co. of N.Y.*, 402 F.2d 893, 897 (4th Cir. 1968). It "arises where one, by his conduct, lulls another into a false security, and into a position he would not take only because of such conduct." *Id.* (quotation omitted). "It may arise even though there was no intention by the party to relinquish or change any existing rights." *Parker v. Parker*, 443 S.E.2d 388, 391 (1994).

"[T]o the extent equitable considerations have any bearing on the exercise of federal jurisdiction on removal, those equities are to be weighed against removal and in favor of state court." *Disher v. Citigroup Glob. Markets, Inc.*, 487 F. Supp. 2d 1009, 1022–23 (S.D. Ill. 2007).

This Court recognized that the parties might disagree on whether certain products are covered securities and left those future disagreements for the "equally competent" state court's determination. [Dkt. No. 1-3 at 227.] Defendants quoted, reinforced, and adopted this Court's holding when claiming whether is product is covered is not something they could or would admit or deny. [Dkt. Nos. 14-3 through 14-6.] By refusing to admit or deny which products they believe are covered securities, Defendants forced Named Plaintiffs, through their highly qualified expert, to make *preliminary* product determinations to offer his *preliminary* damages opinion by the expert disclosure deadline. [Dkt. No. 14-8.] Defendants thus laid in wait for Named Plaintiffs' expert to identify these products to give themselves a second chance at this Courts unreviewable order remanding the case and placing this determination in Judge McLeod's competent hands. Defendants should not be rewarded for their improper gamesmanship.

### III.     Remand Is Required Under Any View of this Case.

The Court answered this question three years ago. Try as they might, Defendants cannot demonstrate any changed circumstances, let alone changed circumstances resulting from a voluntary act which constitutes an unambiguous statement that clearly establishes federal jurisdiction. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 760 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n. 63 (11th Cir. 2007); *Jones v. W. Va. Div. of Corrs. & Rehab.*, No. 2:21-cv-00645, 2022 WL 1019552, at *4 (Apr. 5, 2022); *Glover v. Williams*, No. 3:21-cv-00679-JMC, 2021 WL 4227545, at *2 (D.S.C. Sept. 16, 2021)).] "[A] merely colorable claim of preclusion" is not enough to invoke SLUSA. *Kircher*, 547 U.S. at 644 n.12. "There is no room

for . . . a case to exist in a limbo of colorable preclusion; if a claim is precluded, it may not be maintained, and if the claim is not, the federal courts no longer have any business being involved, as there is no longer any federal question on which to moor the district court's jurisdiction." *Id*. Defendants here fail to present even a colorable basis for removal.

### A.     The Court's prior controlling and nonreviewable findings compel remand.

Citing *Kircher*, Defendants argue that they have a "statutory right" to have a federal court make "the preclusion determination" under SLUSA. [Dkt. No. 21 at 3.] That determination is whether the *action* is precluded. *Kircher*, 547 U.S. at 645. Defendants availed themselves of that right three years ago by removing this case the first time. They rightfully lost. This Court determined that the action was not precluded because the First Amended Compliant "explicitly" and "automatically" excludes covered securities. [Dkt. No. 1-3 at 226; *see also id.* at 227 ("[T]he FAC eliminates the possibility the suit will ever implicate a covered security, rather than requiring claims related to covered securities later be dismissed from the suit.").] The First Amended Complaint has not changed, and the Court's finding that the action is not precluded remains.

Searching for any jurisdictional hook in the event this Court found the action were not precluded, Defendants argued previously that they have a right for a federal court decide whether a *product* precluded even if the action itself is not. They wrote that "**the court that ultimately addresses the class allegations in the First Amended Complaint will be required to interpret SLUSA to determine whether the investments purchased by Plaintiffs are in fact 'covered securities.'**" [Dkt. No. 14-2 at 22 (emphasis in original).] Going one step further, they argued that "if this matter is remanded to state court, it will be the state court, and not a federal court, that interprets SLUSA's definition of 'covered securities,' *despite Defendants' clear statutory right to have a federal court hear claims that implicate SLUSA.*" [*Id.* at 22–23 (emphasis added).]

Defendants lost this point as well. In rejecting Defendants' argument, the Court found that "the fact a court might need to make later preclusion determinations on *individual products* associated with the purportedly fraudulent acts is insufficient to create a federal question. Plaintiffs, thus, are correct: SLUSA no longer applies to the case." [Dkt. No. 1-3 at 227 (emphasis added).] Remand was warranted, in substantial part, because Named Plaintiffs left the product question for "determin[ation] by a court *during the course of the litigation*." [*Id.* at 224 (emphasis added).]

Defendants' removal simply cannot be squared with this Court's prior holdings. There cannot be a dispute for the state court to decide unless Named Plaintiffs claim a product isn't covered and Defendants say it is. That is precisely what happened here. And Defendants do not deny that their removal rests on such disagreement; they just believe they should win the argument. [*See.* Dkt. No. 21 at 2–3 ("Plaintiffs would like to characterize the only issue as a 'disagreement over whether a particular product is a covered security.' . . . Defendants meet their burden of proving the legal question of whether Barclays Securities are 'covered securities' under SLUSA.").] No amount of linguistic contortion and revisionist history can mask the reality of their removal. [*E.g.*, *id.* at 3, 12–13.] Circumstances simply have not changed. Quite the contrary: Defendants predicted, and the Court acknowledged, there likely would be disputes over which products are covered and which are not. The parties thus are *exactly* where everyone understood they would be. And this Court held that such a dispute must be resolved during litigation, did not implicate SLUSA, and is not a basis for federal jurisdiction.

This Court's correct holdings cannot be revisited. A remand order "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Section 1447(d) "prevent[s] delay in the trial of remanded cases by avoiding protracted litigation of jurisdictional issues." *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1082 (3d Cir. 1992); *Robertson v. Ball*, 534 F.2d 63, 66 n.5 (5th Cir. 1976) ("[O]nce

the federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect."). Section 1447(d) prohibits district courts from revisiting prior remand orders upon successive removals. *Fouad*, 523 F. Supp. at 654–55.

> This rule of nonreviewability of remand orders, first enacted over one hundred years ago, is important to our system of federalism. Parties to state litigation should not be delayed by procedural fencing over the intricacies and perplexities of removal jurisdiction, and state courts should not be long interrupted in the conduct of their litigation by removal petitions. It makes no difference that the District Court may be wrong in its conclusions concerning jurisdiction or the plausibility of the federal defense asserted. The federalism principle overrides this concern.

*Ohio v. Wright*, 992 F.2d 616, 617 (6th Cir. 1993). Section 1447(d) exists to ensure an action "must not ricochet back and forth depending on the most recent determination of a federal court." *Three J Farms, Inc. v. Alton Box Bd. Co.*, 609 F.2d 112, 115 (4th Cir. 1979) (quotation omitted).

This Court's holdings that (1) the First Amended Complaint automatically eliminates the covered securities from recovery, and (2) that any disputes over whether a product is covered—and thus is in or out of the case—do not implicate SLUSA, do not raise federal questions, and are for the state court to decide, are dispositive. Defendants twist themselves into knots trying to explain how these holdings do not bar this removal. This is because there is no explanation; whether the Barclays Bank notes are covered securities is for Judge McLeod of the state court. This matter must be remanded, and this Court need go no further.

**B.    Remand is necessary because Named Plaintiffs do not seek recovery for covered securities.**

      1.    <u>A claim "involving" a covered securities requires fraud "in connection" with the purchase or sale of a covered security.</u>

A covered class action is removable *only* if it alleges misrepresentation or fraud *in connection* with the sale of covered securities. 15 U.S.C. § 77p(b)-(c); *Cyan, Inc. v. Beaver Cnty.*

*Emps. Ret. Fund*, 138 S. Ct. 1061, 1076 (2018); *Kircher*, 547 U.S. at 643–644). "[P]reemption does not turn on whether allegations are characterized as facts or as essential legal elements of a claim, but rather on whether the SLUSA prerequisites are "alleged" in one form or another." *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 300 (3d Cir. 2005).

The mere presence of a covered security in an action's vicinity, when a party is not seeking relief *in connection* with the sale of the covered security, cannot confer federal jurisdiction over the matter. [*See* Dkt. No. 1-3 at 227 (finding that "no federal question exists" because "[a]ll purportedly fraudulent acts sued upon and their associated products, under [Named Plaintiffs' complaint], fail the fourth criteria of SLUSA preemption inasmuch as they have *no 'connection with the purchase or sale of a covered security*.'" (emphasis added).]

Defendants' attempt downplay § 77p(b)'s "in connection" requirement, however, is unavailing. Every case cited in Defendants' opposition which denied a motion to remand upon finding a product constituted a covered security only did so upon finding the "in connection" requirement to be present. [*See, e.g.,* Dkt. No. 21 at 7 (citing *Herndon v. Equitable Variable Life Ins.,* 325 F. 3d 1252, 1254–55 (11th Cir. 2003) (affirming determination that products were "covered securities" in denying remand and dismissing action under SLUSA because "***[t]he misrepresentations and omissions in dispute were made "in connection with" the purchase of such a security.***" (emphasis in original)); *Lander v. Hartford Life & Annuity Ins.,* 251 F. 3d 101, 104 (2d. Cir. 2001) (affirming district court's holding that variable annuities were "covered securities" and denying motion to remand because "plaintiffs' claims . . . *allege fraud in the sale of variable annuities*." (emphasis added)).] Because the same cannot be said for Named Plaintiffs' allegations, [*see* Dkt. No. 1-3 at 227 (finding Named Plaintiffs' allegations "fail the fourth criteria of SLUSA preemption inasmuch as they have *no 'connection with the purchase or sale of a*

*covered security*.'" (quotation omitted)] Defendants' disagreement with Dr. McCann cannot create a federal question giving this Court jurisdiction.

> 2.      Dr. McCann's report does not seek recovery for damages incurred in connection with the purchase or sale of covered securities.

Defendants' removal hinges on their theory that Named Plaintiffs' claims are preempted because they seek to recover damages caused by products that qualified as "covered securities" under SLUSA, as revealed by "Plaintiffs' Expert Designations." [Dkt. No. 21 at 2.] As stated above, the First Amended Complaint does not seek recovery for covered securities; it expressly excludes them. Even so, Defendants argue that they are entitled to removal they can have this Court answer the "legal question" of "whether Barclays Securities are 'covered securities' under SLUSA" now that they have Plaintiffs' Expert Designation. [*Id.* at 3, 15.]

Defendants cite no evidence from Named Plaintiffs when "answering" this legal question. [*See, e.g., id.* at 8–11.] This is because Dr. McCann's report included the Barclays notes in his designation of *non-covered* securities. [Dkt. No. 1-1 at 67.] Nothing in Dr. McCann's report says Named Plaintiffs seek recovery for covered securities; Dr. McCann in fact excluded 222 products because they are covered. That Defendants only quibble with one issuer's products out of 477 total products confirms Dr. McCann successfully eliminated covered securities from his analysis. And finally, his opinions are preliminary and subject to revision as the case proceeds—consistent with this Court's order that Judge McLeod will determine whether any products are covered securities. [*Id.* at 80.] Dr. McCann's inclusion of the Barclays notes as non-covered securities is not a voluntary, unequivocal, and unambiguous act giving rise to removal. *Pretka*, 608 F.3d at 760; *Lowery*, 483 F.3d at 1213 n.63; *Jones*, 2022 WL 1019552, at *4; *see also Cameron v. Teeberry Logistics, LLC*, 920 F. Supp. 2d 1309, 1315 (N.D. Ga. 2013) (holding records produced in

discovery showing damages greater than $75,000 did not provide unambiguous notice of grounds for removal where complaint alleged damages did not exceed $50,000).

Defendants thus rely only on prospectuses in their possession, a declaration of their own counsel, and information from the internet to argue that Named Plaintiffs are seeking recovery for covered securities. These records cannot support removal. *See Pretka*, 608 F.3d at 760–61.

### 3.   The Barclays Bank notes are not covered securities.

Defendants' removal also fails because, even accepting their contentions, the Barclays notes are not covered securities for at least some of the relevant period. Defendants argue that Named Plaintiffs "'claim to have the right to argue that the Barclays Bank PLC notes are not . . . covered securities,' *without actually making that argument. Presumably, this is because this is a losing argument.* [Dkt. No. 21 at 8 (emphasis added).] No, it is because this Court held the *state court* will answer that question. But given Defendants' insistence that the Court decide whether the Barclays products are covered securities, Named Plaintiffs are compelled to respond.

As is relevant here, a covered security is one equal or senior to a security of the same issuer traded on a national exchange. 15 U.S.C. § 77r(b)(1)(B). A security's status as "covered" is determined "at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred." 15 U.S.C. § 77p(f)(3). Class members purchased four Barclays notes *after* December 15, 2018. (Ex. 1, Decl. of Craig McCann, Ph.D., CFA, ¶ 3) Because the Barclays Bank ADSs had been called by this time, these notes were *not* covered securities when these products were purchased. (*See id.* ¶ 3.) And class members held at least 36 of the 37 products after December 15, 2018. (*Id.* ¶ 5.) Judge McLeod had found that Named Plaintiffs stated a claim for "an ongoing 'course' of fraudulent activity which might continue *after* a sale, where independent violations of the [South Carolina Uniform] Securities Act can occur and continue." [Dkt. No. 1-5 at 258; *see also id.* at 34–35 (Named Plaintiffs arguing in November 2020

that Defendants' fraudulent conduct continued years after the sale of a product to a class member "and may well be continuing even today").] This case thus includes fraudulent conduct after these Barclays notes lost any status as covered. Discovery has not confirmed whether any class member held the 37th product after December 15, 2018, but that product is *de minimis* and can be easily excluded from Dr. McCann's preliminary opinions if needed in his final analysis. (*Id.* ¶ 5.)

In sum, the Barclays notes are non-covered securities at issue.

### C.     Remand is necessary even if the Barclays Bank notes are covered because they would be excluded from the First Amended Complaint.

Defendants never acknowledge what happens if they are correct that the Barclays notes are covered. While the Court need not, and should not, reach that question, if it does, the result is the same here as it would be in state court: the products are automatically excluded from this case. Dr. McCann's report cannot alter the First Amended Complaint's automatic and self-executing exclusion of covered securities. If any product he identified is a covered security, it will be excluded under the First Amended Complaint's plain language. His opinions thus are preliminary [Dkt. No. 1-1 at 80] and will be revised once the universe of products is finalized—which Defendants contend can only be done by the state court. [Dkt. No. 14-4 at 4.]  This is not "chicanery" [Dkt. No. 21 at 13] or any other pejorative Defendants ascribe to it. It is how expert reports work. And upon any finding that an included security is covered, it will be automatically excluded, and there can be no federal question. Remand therefore is mandated. In the end, accepting everything Defendants said *still* results in remand.

### IV.     Named Plaintiffs Are Entitled to Attorneys' Fees and Costs.

Defendants' offer little in response to Named Plaintiffs' request for attorneys' fees and costs. They merely submit they had "[a]t the very least" plausible grounds to remove and Named Plaintiffs have not demonstrated "bad faith." [Dkt. No. 21 at 20.] But as explained above, remand

is required even if the Court accepts Defendants' inherently flawed arguments—arguments which themselves confirm Defendants had no good faith basis to remove this case a second time. As a diversion, they devote much time to arguing immaterial points.

For example, they discuss SLUSA's "unique history" to prevent frivolous securities class actions. [*Id.* at 5.] A cursory review of Named Plaintiffs' expert reports confirms this action is anything but frivolous. Defendants also argue that Named Plaintiffs and the class members "remain free to pursue individual claims" and may recover greater damages through arbitration. [*Id.* at 17–19.] If Defendants thought Named Plaintiffs and the class members would recover more money in arbitration, they would not be trying to end this class action and require individual proceedings. And they note Named Plaintiffs cite only one attorneys' fees case involving SLUSA, which they believe is distinguishable. [*Id.* at 20–21.] That is of no moment, for the standard to award fees and costs under § 1447(c) is the same for SLUSA as it is for any other case. Finally, they observe that Named Plaintiffs' other expert, Jonathan Heller, relied on evidence which included trades in covered securities. But Judge McLeod already determined that "discovery regarding products which meet the class criteria but also are covered securities under SLUSA is relevant to demonstrating that the Defendants engaged in a common course of conduct, the Named Plaintiffs' claims are typical of the class, and the Named Plaintiffs are adequate representatives of the class," even if liability is not based on the covered securities. [Dkt. No. 1-6 at 84.] "Defendants did not dispute any of these contentions." [*Id.*]

Defendants cannot maintain they had "an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Only an award of attorneys' fees and costs will ensure Defendants do not remove this case each time they disagree with Named

Plaintiffs' experts or concoct another meritless basis each time this case is at a critical juncture.

After all, a tiger cannot change its stripes.

## CONCLUSION

Defendants wholly failed to meet their burden to prove the existence of federal jurisdiction.

They ignore First Amended Complaint's plain language and this Court's prior order, and they

justify their removal by conjuring claims Named Plaintiffs expressly excluded from this litigation.

However, because the claims asserted by Named Plaintiffs fall outside the grasp of SLUSA, this

matter must be remanded for proceedings in state court so that litigation can proceed on the merits

of Plaintiffs' non-SLUSA claims with an award of attorneys' fees and costs.

Respectfully submitted,

**WILLOUGHBY HUMPHREY & D'ANTONI, P.A.**

*s/R. Walker Humphrey, II*
R. Walker Humphrey, II, Fed. Bar No. 12524
133 River Landing Drive, Suite 200
Charleston, SC 29492
(843) 619-4426
whumphrey@willoughbyhoefer.com

Mitchell Willoughby, Fed. Bar No. 4702
Elizabeth Zeck, Fed. Bar No. 6627
930 Richland Street (29201)
Post Office Box 8416
Columbia, SC 29202-8416
(803) 252-3300
mwilloughby@willoughbyhoefer.com
ezeck@willoughbyhoefer.com

*Attorneys for Plaintiffs*

September 12, 2023
Charleston, South Carolina