

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DONALD BLACK, MARCIA BLACK, LARRY MARTIN, REBECCA MARTIN, BARBARA THOMPSON, and JAMES THOMPSON, *for themselves and a class of similarly situated plaintiffs*,<br>Plaintiffs,<br><br>vs.<br><br>MANTEI & ASSOCIATES, LTD., RICKEY ALAN MANTEI, CINDY CHIELLINI, CENTAURUS FINANCIAL, INC., and J.P. TURNER & CO., LLC,<br>Defendants. | Civil Action No.: 3:23-04149-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND,
GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS,
AND DEEMING AS MOOT PLAINTIFFS' MOTION TO STRIKE**

## I.     INTRODUCTION

Plaintiffs Donald Black, Marcia Black, Larry Martin, Rebecca Martin, Barbara Thompson, and James Thompson, for themselves and a class of similarly situated plaintiffs, (collectively, Plaintiffs) brought this putative class action alleging various South Carolina state law claims against Defendants Mantei & Associates, Ltd., Rickey Alan Mantei, Cindy Chiellini, Centaurus Financial, Inc., and J.P. Turner & Co., LLC (collectively Defendants).

Pending before the Court are Plaintiffs' motions to remand, for attorney fees and costs, and to strike Defendants' surreply. Having carefully considered the motions, the responses, the replies,

the surreply, the record, and the applicable law, it is the judgment of the Court Plaintiffs' motions to remand and for attorney fees and costs will be granted, and their motion to strike will be deemed as moot.

## II.    FACTUAL AND PROCEDURAL HISTORY

Plaintiffs brought a complaint in the Lexington County Court of Common Pleas in June 2019, in connection with securities transactions executed in brokerage accounts. They allege Defendants sold them, and putative class members, illiquid and "ripoff" products.

Defendants removed the case to this Court in July 2019. The Court denied Plaintiffs' initial motion to remand. After Plaintiffs' amended their complaint, the Court granted their second motion to remand on July 31, 2020. *Black v. Mantei & Associates, Ltd.*, No. 3:19-02097-MGL, 2020 WL 4432877 (D.S.C. July 31, 2020) (Remand Order). Their amended complaint clarifies they seek recovery only

> for damages caused by products that do not qualify as "covered securities" for purposes of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). The Named Plaintiffs hereby expressly exclude any Ripoff Products that otherwise meet the definition of a covered security from this action, and they reserve the right to seek recovery of damages related to covered securities through other action(s) in another forum.

Amended Complaint ¶ 5. A covered security is any security meeting certain requirements under "the Securities Act of 1933," but excluding "any debt security that is exempt from registration under the Securities Act of 1933." 15 U.S.C. § 78bb(f)(5)(E).

Three years later, on August 18, 2023, Defendants again removed this matter, claiming Plaintiffs' recent expert opinions show this case presents a federal question. In Craig J. McCann's (McCann) preliminary report, he distinguishes between covered securities, which he acknowledges are not at issue, and non-covered securities, which he calls "Structured Notes at

Issue." McCann Report ¶ 12. A second expert, Jonathan G. Heller (Heller) relied on McCann's analysis. Defendants removed the case within thirty days of receiving the expert reports.

After Plaintiffs moved to remand, Defendants responded, and Plaintiffs replied. Then, Defendants filed a surreply.

Plaintiffs subsequently filed the motion to strike the surreply, Defendants responded, and Plaintiffs replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.     STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). Generally, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here, Defendants contend their removal, based on the expert reports, is in accordance with the "other paper" rule.

Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions in accordance with 28 U.S.C. § 1332. Neither party alleges diversity of citizenship, so if this case is removable, it must be under the federal question statute.

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, under federal question jurisdiction, the well-pled compliant rule applies. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This

requires "a federal question [be] presented on the face of the plaintiff's properly pleaded complaint." *Id.* This means a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Under the SLUSA, however, "[a]ny covered class action brought in any State court involving a covered security . . . shall be removable to the Federal district court." 15 U.S.C. § 77p(c).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Moreover, when considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988).

"Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999). The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand [to state court] Is necessary.'" *Mulcahey*, 29 F.3d at 151.

**IV.     DISCUSSION AND ANALYSIS**

    **A.     *Whether the Court should grant Plaintiffs' motion to remand***

Plaintiffs contend the Court should rest on the Remand Order and determine the amended complaint properly avoids running afoul of the SLUSA by excluding covered securities, as defined below. Defendants argue McCann's expert report improperly classifies Plaintiffs' securities, resulting in Plaintiffs attempting to recover for covered securities and thus newly presenting issues that require removal.

As the Court explained in its Remand Order, when federal law creates a strong enough federal interest in the area of law, complete preemption has the effect of transforming a state-law "claim [in that area] into one arising under federal law." *In re Blackwater Sec. Consulting, Inc.*, 460 F.3d 576, 584 (4th Cir. 2006). This is a corollary to the well-pleaded complaint rule. *Id.*

SLUSA preempts a state claim if four elements are met: 1) "the action is a covered class action," 2) "the action purports to be based on state law," 3) "the defendant is alleged to have misrepresented or omitted a material fact (or to have used or employed any manipulative or deceptive device or contrivance)," and 4) the conduct described in element three is done "in connection with the purchase or sale of a covered security." *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002) (internal quotation marks omitted).

As the Court noted above, a covered security is any security meeting certain requirements under "the Securities Act of 1933," but excluding "any debt security that is exempt from registration under the Securities Act of 1933." 15 U.S.C. § 78bb(f)(5)(E).

A covered class action is a single lawsuit seeking damages "on behalf of 50 or more persons" in which questions of law or fact common to all plaintiffs predominate over questions related to individual plaintiffs, or in which a named party seeks to recover damages on a representative basis." *Id.* § 75bb(f)(5)(B).

McCann's expert report separates Plaintiffs' securities into securities that are publicly traded—thereby rendering them covered securities—and those that are not publicly traded—thereby, in his opinion, excluding them from the definition of covered security. *See Cyan, Inc. v. Beaver Cty. Emples. Ret. Fund*, 138 S. Ct. 1061, 1067 (2018) (explaining in general, the definition includes securities "listed on a national stock exchange."). McCann's report categorizes 222 of

the 477 total securities as covered securities, and thus excludes them. Defendants quibble with McCann's categorization of thirty-seven securities as non-covered.

McCann's report makes clear Plaintiffs understand the requirement that they exclude covered securities from this matter—an understanding they have displayed since this case began four years ago. As the Court explained when it remanded the first time, "a state court is 'an equally competent body . . . to make the preclusion determination' under SLUSA. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 645 (2006). Thus, the fact a court might need to make later preclusion determinations on individual products associated with the purportedly fraudulent acts is insufficient to create a federal question. Plaintiffs, thus, are correct; SLUSA no longer applies to the case." Remand Order at *3.

At bottom, Plaintiffs have gotten the crux of this issue. If Defendants are correct that the thirty-seven securities are covered securities, the state court judge will make that determination and exclude them from this case. If they are non-covered securities, Plaintiffs are entitled to have them considered for any recovery. In either case, Plaintiffs refrain from attempting to shoehorn prohibited recovery for covered securities.

In fact, it appears as though Defendants ask the Court to revisit its prior ruling so it can secure dismissal of this case in its entirety. For the reasons the Court explained above, the SLUSA fails to extend that far.

In sum, this case is in the same place it was three years ago, at the time of the initial remand. Thus, the Court will grant Plaintiffs' motion to remand and allow this case to continue to progress in state court without further delay. Because this analysis is dispositive, the Court need not address the parties' other arguments, including whether the thirty-seven challenged securities are covered. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir.

1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

### B.     *Whether the Court should grant Plaintiffs' motion for attorney fees*

Plaintiffs posit Defendants removed this case without cause to further delay this case just as it was at the cusp of class certification in state court, and thus the Court should impose attorney fees and costs. Defendants maintain they have an objectively reasonable basis for seeking removal, and so should be unrequired to pay attorney fees and costs.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

When the Court originally remanded this case, it contemplated the very scenario that has arisen here: the parties may, eventually, disagree over whether a particular investment is precluded under the SLUSA. Remand Order at 3. It determined such a scenario would fail to divest the state court of jurisdiction or allow removal. *Id.* Yet, despite this clear holding, Defendants again removed the matter as soon as such a disagreement arose.

Inasmuch as the Court had already addressed the issues raised, Defendants lacked a reasonable basis for removal. The Court will thus require Defendants to pay attorney fees and costs related to Plaintiffs' bringing the motion to remand. To the extent Plaintiffs seek attorney

fees related to the motion to strike, however, the Court will deny that portion of the request, as the Court determines below Defendants' filing their surreply was objectively reasonable.

Within two weeks from the date of this order, Plaintiffs may file the appropriate evidence and briefing regarding the amount of attorney fees and costs.

### C.     *Whether the Court should grant Plaintiffs' motion to strike*

The Court has reviewed Defendants' surreply, as well as the arguments Defendants contend Plaintiffs raise for the first time in their reply, and determines they fail to impact the result in this case. Accordingly, Plaintiffs' motion to strike is deemed as moot.

### V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Plaintiffs' motions to remand and for attorney fees and costs are **GRANTED**, and their motion to strike is **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 8th day of November 2023, in Columbia, South Carolina.

```
                              s/ Mary Geiger Lewis
                              MARY GEIGER LEWIS
                              UNITED STATES DISTRICT JUDGE
```