IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Donald Black, Marcia Black, Larry Martin, Rebecca Martin, Barbara Thompson, and James Thompson, | ) ) ) ) | C/A NO. 3:23-cv-04149-SAL |
| For themselves and a Class of Similarly Situated Plaintiffs, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS** |
| Mantei & Associates, Ltd., Ricky Alan Mantei, Cindy Chiellini, Centaurus Financial, Inc., and J.P. Turner & Company, L.L.C, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs Donald Black, Marcia Black, Larry Martin, Rebecca Martin, Barbara Thompson, and James Thompson, for themselves and a class of similarly situated Plaintiffs (collectively, Named Plaintiffs), by and through counsel, submit this memorandum in support of this Court's award of Named Plaintiffs' attorney fees and costs in connection with bringing their second motion to remand. [Dkt. No. 30 at 7–8.]

## INTRODUCTION

On the eve of class certification and after three years of vigorous litigation in state court, Defendants imprudently removed this case to this Court a second time. Through their removal, "it appears as though Defendants ask the Court to revisit its prior ruling [remanding the case] so [they] can secure dismissal of this case in its entirety." [Dkt. No. 30 at 6.] But, as this Court found, "Defendants lacked a reasonable basis for removal" because "the Court has already addressed the issues raised":

1

When the Court originally remanded this case, it contemplated the very scenario that has arisen here: the parties may, eventually, disagree over whether a particular investment is precluded under the SLUSA. It determined such a scenario would fail to divest the state court of jurisdiction or allow removal. Yet, despite this clear holding, Defendants again removed the matter as soon as such a disagreement arose.

[*Id.* at 7.] The Court therefore ordered Defendants to pay Named Plaintiffs' attorneys' fees and costs related to their second motion to remand under 28 U.S.C. § 1447(c), save for those related to their motion to strike Defendants' sur-reply. [*Id.* at 7–8.]

Because the Court has already ordered Defendants to pay Named Plaintiffs' attorneys' fees and costs, the only issue remaining before the Court is the amount to award. Named Plaintiffs accordingly submit this memorandum and associated affidavits pursuit to the Court's directive to "file the appropriate evidence and briefing regarding the amount of attorney fees and costs." [Dkt. No. 30 at 8.] For the reasons below, the Court should award Named Plaintiffs the attorneys' fees and costs laid out in the Affidavit of Mitchell Willoughby attached as Exhibit A.

## LEGAL STANDARD

The amount of attorney fees to be awarded in any given case "is within the sound discretion of the trial court," with reasonableness as the touchstone. *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984); *see Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009). "In calculating an award of attorneys' fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson,* 560 F.3d at 243-44. In sum, "[t]he trial court must determine whether the fees requested would not have accrued but for the [improper removal]." *Fox v. Vice*, 563 U.S. 826, 839 (2011).

"When deciding what constitutes a 'reasonable' number of hours and rate, the Fourth Circuit has instructed that the court's discretion should be guided by the twelve factors," listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir.1978). *Gifford v. Horry Cnty. Police Dep't*, No.

4:16-CV-03136-MGL, 2023 WL 2696575, at *5 (D.S.C. Mar. 29, 2023) (cleaned up); *see also* Local Civ. Rule 54.02 (D.S.C.). These factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28. "While the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in a given case." *Glidewell v. City of Greenville, S.C.*, No. 6:09-01932-JMC, 2012 WL 951777, at *4 (D.S.C. March 31, 2012); *see also Gifford,* 2023 WL 2696575, at *5; *Miller v. HSBC Fin. Corp.*, No. 3:08-CV-01942-MJP, 2010 WL 2722689, at *1 (D.S.C. July 9, 2010) ("This Court is required to analyze the twelve (12) Barber factors, but one or more factors may not have any application in a particular case."). "[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate." *Robinson*, 560 F.3d at 244 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

## LAW/ANALYSIS

**A.** **The Court Should Award Named Plaintiffs Their Full Attorneys' Fees Relating to Their Motion to Remand.**

For the reasons explained below, the fees and costs identified in Exhibit A are reasonable, supported by the *Barber* factors, and should be awarded in full.

### 1. *Barber* Factor #1: Time and Labor Expended

Faced with the possible dismissal of this action if Named Plaintiffs' motion for remand was denied, Named Plaintiffs' counsel had to devote considerable time and labor to steering this litigation back to its proper forum.

3

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking an award [of attorneys' fees] should submit evidence supporting the hours worked and rates claimed." *Id.*; *id.* at 437 n.12 ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures."); *see also Missouri v. Jenkins*, 491 U.S. 274, 288–89 (1989) (holding that "[a] reasonable attorney's fee" refers to a reasonable fee for attorney's work product and thus must take into account work not only of the attorneys but also the paralegals). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. 434.

Since 2019, counsel for Named Plaintiffs have zealously pursued this action, obtaining millions of pages of records in discovery, taking numerous depositions, and disclosing expert witnesses. Ex. A ¶¶ 9-10.  If Named Plaintiffs' motion to remand was denied, Named Plaintiffs' entire putative class action would be dismissed on a procedural rule rather than on the substantial merits Named Plaintiffs painstakingly developed over three years. [Dkt. No. 30 at 6 ("In fact, it appears as though Defendants ask the Court to revisit its prior ruling so it can secure dismissal of this case in its entirety.").]. *See also* Ex. A ¶ 10. Due to the potential ramifications of Defendants' removal, counsel needed to devote their full time and attention to obtaining a remand. The time and labor expended by counsel in relation to Named Plaintiffs' motion to remand detailed in Exhibit A was therefore reasonable. *See also* Exhibit B, Affidavit of John S. Simmons, Esq. ¶ 11.

Compensable time also includes time devoted to this application for attorney fees' and costs as such fees and costs are "incurred as a result of the removal," 28 U.S.C. § 1447(c). *See e.g.*, *Spell v. McDaniel*, 852 F.2d 762, 770 (4th Cir. 1988) (allowing recovery of time "spent preparing the fee petition"); *Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.*, 110 F. Supp. 3d 655, 672 (E.D. Va. 2015) ("Plaintiff's attorney's fee award includes time spent preparing the present fee petition, as it is well-settled that reasonable time and expenses preparing a fee petition are compensable." (quotation omitted)); *see also Bond v. Stanton*, 630 F2d 1231, 1235 (7th Cir. 1980) (holding that circuit courts unanimously award fees incurred in connection with establishing entitlement to fees under 42 U.S.C. § 1988); *cf. MB Fin., N.A. v. Stevens*, 678 F.3d 497, 500 (7th Cir. 2012) ("[L]itigants who receive an award of fees in the district court under § 1447(c) automatically receive reimbursement for the expense of defending that award on appeal.")  The Third Circuit explained,

> Statutorily authorized fees are not paid out of the plaintiffs' recovery, and the attorney in seeking his fee is not acting in any sense adversely to the plaintiffs' interest. Hence, the time expended by attorneys in obtaining a reasonable fee is justifiably included in the attorneys' fee application, and in the court's fee award. If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased.

*Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978).

As a result, this factor favors the award of attorneys' fees as requested by Named Plaintiffs' counsel.

### 2. *Barber* Factor #2: Novelty and Difficulty of Questions Raised

The novelty and difficulty of the questions raised goes to the rate an attorney may reasonably charge for their services. *See Robinson*, 560 F.3d at 243.  While the issues on Plaintiffs' motion to remand were not necessarily novel "as the Court had already addressed the issues raised"

in its first remand order, [Dkt. No. 30 at 7] Defendants' removed a complex putative securities class action on the basis that certain securities are covered within the meaning of SLUSA with the goal of obtaining dismissal of the entire action, warranting a higher fee award. *See Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 180 (4th Cir. 1994).

This is a putative class action requiring counsel's specialized expertise in the realm of securities litigation. *Cf. In re Microstrategy, Inc.*, 172 F. Supp. 2d 778, 788 (E.D. Va. 2001) ("But finally and equally importantly, the process of setting a proper fee in a PSLRA case must include an incentive component to ensure that competent, experienced counsel will be encouraged to undertake the often risky and arduous task of representing a class in a securities fraud case.").One of the issues on Named Plaintiffs' motion for remand was "whether the thirty-seven challenged securities [out of the 477] are covered." [*Id.* at 6.] The provisions of SLUSA and the subject matter of Defendants' removal are highly technical and require experience and expertise, and the stakes of the motion were extremely high even if the Court had already considered and rejected Defendants' ground for removal.

Therefore, Defendants' removal of this action under SLUSA presented a complex question to warrant the fees requested.

### 3. *Barber* Factor #3: Skill Required to Properly Perform the Legal Services Rendered

This is a putative class action seeking recovery for harms perpetuated by Defendants' involvement in the sale of illiquid and ripoff products to elderly South Carolina residents. [*See e.g.*, Dkt. No. 1-3 at 251 ¶ 4 (Plaintiffs' First Amended Complaint).] Therefore, the skill required to properly perform the legal services rendered in this putative class action supports a finding that Named Plaintiffs' fee request is reasonable.

Additionally, at least 10 lawyers across four firms removed Named Plaintiffs' action and opposed Named Plaintiff's motion to remand: Bowman & Brooke, LLP, Bressler, Amery & Ross, P.C.,[1] Montgomery Willard, LLC, and Nelson Mullins Riley & Scarbrough, LLP. [*See e.g.*, Dkt. No. 1 at 13-14.] Bowman & Brooke, LLP, Bressler, Amery & Ross, P.C., and Nelson Mullins Riley & Scarbrough, LLP are national practices, with hundreds of attorneys, and Nelson Mullins is the largest firm in South Carolina. Named Plaintiffs' counsel, on the other hand, is a boutique firm with four attorneys dedicated to this action. It therefore required great deal of skill from Named Plaintiffs' counsel to oppose the removal and secure remand. *See Miller*, 2010 WL 2722689, at *2 (finding fees were warranted under this factor because, in part, "Plaintiff's counsel was opposed by the largest law firm in South Carolina").

Defendants' broad arsenal of attorneys also underscores their ability to pay the requested amount in compliance with Local Rule 54.02(A). *See* Local Civ. Rule 54.02(A) ("Any petition for attorney's fees . . . shall state any exceptional circumstances and the ability of the party to pay the fee."). As of April 30, 2023, Defendant Centaurus Financial alone had $22.5 million in cash and an additional $6.4 million in a legal reserve, according to its Annual Report filed with the SEC. *See* Exhibit C, Centaurus Financial, Inc., Annual Report (Form X-17A-5) (Apr. 30, 2023). Moreover, from the sale of the securities at issue in this action alone, Defendants received "over $28 million in commissions and fees." [Dkt. No. 1-1 at 76.] Thus, Defendants have the ability to pay the requested fees.

---

[1] Attorneys from Bressler, Amery & Ross, P.C., did not appear on Defendants' opposition to Named Plaintiffs' Motion to Remand but nonetheless are relevant as Bressler, Amery & Ross have been active in litigation at the state level and are co-counsel with Bowman & Brooke for Defendant Centaurus Financial. There is no doubt these attorneys were involved in the removal and its associated briefing.

**4.** *Barber* **Factor #4: Attorney's Opportunity Costs in Pressing the Current Litigation**

This factor further supports the reasonableness of Named Plaintiffs' fee request because counsel had to devote substantial time and resources to challenging Defendants' frivolous removal that would have otherwise been devoted to other matters.

Under this factor, the court considers whether counsel was "forced to forego other legal work at the same billing rates in order to concentrate on the action." *Liberty Mut. Ins. Co. v. Emp. Res. Mgmt., Inc.*, 176 F. Supp. 2d 510, 534 (D.S.C. 2001) (citation omitted). "[P]articipation in numerous court proceedings denies counsel the opportunity to work on other fee-producing cases." *Id.*; *see Barber*, 577 F.2d at 226 n.28 (considering as supportive of a fee request "the attorney's opportunity costs in pressing the instant litigation").

Named Plaintiffs' firm is a boutique law firm that handles both billable and contingency cases, this case being a contingency matter. Anywhere between three and four attorneys dedicate substantial time to the management of this putative class action. By having to move to remand because of Defendants' baseless removal, "[Named] Plaintiff's counsel placed his time at risk when there was other billable time available to be done." *Miller*, 2010 WL 2722689, at *2.

Therefore, this factor supports an award of the fees requested. !

**5.** *Barber* **Factor #5: The Customary Fee for Like Work**

The fees requested here are reasonable because they are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Under this factor, the Court "should consider various information, including affidavits, recent fee awards in comparable cases and 'specific evidence of counsel's actual billing practice or other evidence of actual rates which counsel can command in the market." *Liberty Mut. Ins.*, 176 F. Supp. 2d at 535; *see also Plyler*,

8

F.2d at 277 ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award."). "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." *Rum Creek Coal*, 31 F.3d at 175. "Examples of information that is sufficient to verify prevailing market rates include affidavits of local lawyers familiar with the type of work involved, the relevant community, and the skills of the fee applicants; evidence of what attorneys earn for providing similar services in similar situations; and evidence of what the prevailing party's attorney actually charged the client in the case at hand." *Life Techs. Corp. v. Life Techs. Corp.*, No. RWT 10CV3527, 2012 WL 4748080, at *1 (D. Md. Oct. 2, 2012).

The attorneys' fees sought by Named Plaintiffs' counsel are the standard rates for new clients for each respective lawyer. Ex. A ¶ 10; Ex. B. ¶ 9. John S. Simmons, Esquire, a well-regarded attorney and prosecutor with experience in securities litigation and the remand of improperly removed matters to state court, has provided an affidavit indicating that these rates are both reasonable and well within the prevailing market rates in the Columbia legal community for the type of work done in this case. *See generally* Ex. B; *see also Gifford*, 2023 WL 2696575, at *9 (finding that rates were reasonable when the plaintiff provided "evidence in form affidavits from two other highly respected members of the South Carolina bar, who litigate civil rights cases and attest to the outstanding abilities of [plaintiff's] counsel," that supported the rates).

Therefore, the customary fee for like work supports a finding that the requested rates are reasonable.

6.   *Barber* **Factor #6: Attorney's Expectations at the Outset of the Litigation**

The sixth *Barber* factor "generally implicates contingent fee arrangements." *Liberty Mut. Ins.*, 176 F. Supp. 2d at 535; *see also Savani v. URS Pro. Sols. LLC*, 121 F. Supp. 3d 564, 572 (D.S.C. 2015) ("In complex and multi-year class action cases, the risks of the litigation are immense and the risk of receiving little or no recovery is a major factor in awarding attorney's fees."). However, Named Plaintiffs were entitled to seek attorney fees and costs under Section 1447(c): "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). [*See* Dkt. No. 30 at 7 ("The standard for awarding fees should turn on the reasonableness of the removal.") (quotation omitted).] Thus, when counsel clearly expects to be rewarded for efforts if successful, the burdens of class counsel in having "worked for years undertaking the risk of walking away with no fee at all," "are relevant circumstances that support the requested award." *Savani*, 121 F. Supp. 3d at 572.

In the introduction of Named Plaintiffs' motion to remand, Named Plaintiffs highlighted the unreasonableness of Defendants' removal:

> Three years ago, this Court remanded the case to state court because Named Plaintiffs' First Amended Complaint explicitly excluded SLUSA covered securities. The Court rejected Defendants' argument that a disagreement over whether a particular product is a covered security creates a federal question. Those disagreements are instead committed to the state court, and SLUSA does not apply. In direct, blatant, and egregious disregard of the Court's order, Defendants have now removed this case a second time—even in its final stages before consideration by South Carolina Circuit Court Judge McLeod of class certification—based on the existence of, Defendants say, such a disagreement and a gross misrepresentation of Plaintiffs' expert disclosure. This Court should remand Named Plaintiffs' case to state court and award Named Plaintiffs their attorneys' fees and costs for Defendants' bad faith successive removal.

[Dkt. No. 14 at 1-2 (internal citations omitted).]

The Court granted Named Plaintiffs' motion for attorneys' fees on the same basis:

When the Court originally remanded this case, it contemplated the very scenario that has arisen here: the parties may, eventually, disagree over whether a particular investment is precluded under the SLUSA. It determined such a scenario would fail to divest the state court of jurisdiction or allow removal. Yet, despite this clear holding, Defendants again removed the matter as soon as such a disagreement arose.

Inasmuch as the Court had already addressed the issues raised, Defendants lacked a reasonable basis for removal.

[Dkt. No. 30 at 7 (internal citations omitted.]

Therefore, Named Plaintiffs had a reasonable expectation of recovery at the onset of this litigation, *e.g.*, Defendants' second removal, which supports a finding that Named Plaintiffs' fees are reasonable.

### 7.  *Barber* **Factor #7: Time Limitations Imposed by the Client or Circumstances**

This is a putative class action that seeks the recovery of damages caused by Defendants' sale of illiquid and ripoff products to ***elderly*** South Carolina citizens. [*See e.g.*, Dkt. No. 1-3 at 251 ¶ 4.]  After three years of zealously litigating in state court, Defendants removed this action without an objectively reasonable basis. [*See* Dkt. No. 30 at 7–8.]  Due to the timing of Defendants' removal, and the aging Named Plaintiffs and putative class, counsel had to work expeditiously in moving to remand this action to combat Defendants' dilatory removal and keep this case on track on the eve of moving for class certification. Defendants' surprise removal necessitated a expeditious motion to remand, which required the assistance of numerous attorneys to complete in the needed timeframe. *See e.g.*, *ABC, Inc. v. Primetime 24*, 67 F. Supp. 2d 558, 566 (M.D.N.C. 1999), *aff'd*, 232 F.3d 886 (4th Cir. 2000) (finding that "deadlines in this case mandated bringing in other attorneys to help with the work and that the inclusion of other attorneys and personnel in the case was reasonable and appropriate").

**8.** *Barber* **Factor #8: The Amount in Controversy and the Results Obtained**

"In the Fourth Circuit, the most critical factor in calculating a reasonable fee award is the degree of success." *Miller*, 2010 WL 2722689, at *3 (cleaned up). "Plaintiff's degree of success is 'entitled to great weight in the attorney's fee calculation.'" *Id.* (quoting *Liberty Mutual Ins.*, 176 F. Supp. 2d at 536. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435; *see also ABC*, 67 F. Supp. 2d at 566 (finding a party "should recover a fully compensatory fee with no reduction in the lodestar figure" when "the court issued the precise relief that [the party] requested").

Here, the Court issued the precise relief that Named Plaintiffs requested—an order granting Named Plaintiffs' motion to remand and motion for attorneys' fees and costs without a hearing. [Dkt. No. 30 at 1-2 ("Having carefully considered the motions, the responses, the replies, the surreply, the record, and the applicable law, it is the judgment of the Court Plaintiffs' motions to remand and for attorney fees and costs will be granted, and their motion to strike will be deemed as moot.").] Had Named Plaintiffs not been successful in their motion, Named Plaintiffs' case may have been dismissed in its entirety. [*Id.* at 6 ("[I]t appears as though Defendants ask the Court to revisit its prior ruling so it can secure dismissal of this case in its entirety.").] Thus, there was more at risk than simply Named Plaintiffs' choice of forum—four years of litigation and the potential recovery of millions of dollars in damages for a class of elderly South Carolina investors were on the line. [*See e.g.*, Dkt. No. 1-1 at 78, 114 (identifying more than $60 million in "Day-1" damages alone).] *See U.S. Equal Emp. Opportunity Comm'n v. A.C. Widenhouse, Inc.*, No. 1:11-CV-498, 2013 WL 12091637, at *4 (M.D.N.C. May 7, 2013), *aff'd sub nom. E.E.O.C v. A.C. Widenhouse, Inc.*, 576 F. App'x 227 (4th Cir. 2014) (holding that the "level of risk should be considered in making the fee award").

Therefore, Named Plaintiffs' counsel obtained significant benefits for Named Plaintiffs and the putative class and should recover a fully compensatory fee.

### 9. *Barber* Factor #9: The Experience, Reputation, and Ability of the Attorneys

The Affidavit of Mitchell Willoughby, one of Named Plaintiffs' principal attorneys, reveals that the experience, reputation, and ability of Named Plaintiffs' counsel supports the reasonableness of the requested fee award. *See generally* Ex. A.

### 10. *Barber* Factor #10: The Undesirability of the Case Within the Legal Community in Which the Suit Arose

This factor supports the reasonableness of the requested fees because counsel undertook responsibilities in this litigation that would have deterred many firms. Courts within the Fourth Circuit and across the country have consistently recognized that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees. *See, e.g.*, *Miller*, 2010 WL 2722689, at *4 (noting that Title VII cases would be undesirable if not for the statutory provision for attorney's fees to a prevailing plaintiff because "in many cases the value of the work performed by the attorney necessary to prosecute a claim either to a successful settlement or judgment exceeds the value of the back pay in issue"). Factors contributing to the undesirability of a case include whether it is "(1) a time-eater; (2) a tough case where fee collection, if any, promises to be long-delayed; (3) a case destined to be litigated in federal court, which is a forum some lawyers choose to avoid; and (4) a case that, predictably, will draw to it sophisticated, well-funded defense counsel ready, willing, and able to assert every conceivable argument on their client's behalf." *Savani*, 121 F. Supp. 3d at 573–74.

Counsel has been actively litigating this case since 2019 without any renumeration for legal fees. Defendants' meritless removal needlessly increased counsel's legal fees and financial burden by forcing counsel to in expend time and labor arguing in federal court. And, as discussed in the

third *Barber* factor above, Named Plaintiffs' faced opposition from a well-funded defense counsel. Therefore, this factor supports a finding that the requested fee amount is reasonable.

### 11. *Barber* Factor #11: The Nature and Length of the Professional Relationship Between Attorney and Client

Generally, a longstanding professional relationship will support the reasonableness of a fee award because a court is "less concerned about a law firm overreaching and charging an unreasonable fee," when the law firm consistently works for and bills a client. *Marsh Est. of McZilkey v. Grade S., Inc*., No. CV 1:04-23149-HFF, 2009 WL 10678333, at *10 (D.S.C. May 14, 2009). However, when "[t]here is no reason to suggest that the class representatives are dissatisfied with the representation they received," this factor will not cut against the reasonableness of a requested fee for a putative class action where there was no pre-existing relationship with the client. *Savani*, 121 F. Supp. 3d at 574. *See also Liberty Mut. Ins.*, 176 F. Supp. 2d at 532 ("a district court is under no obligation to go through the inquiry of those factors that do not fit the circumstances of the particular case for which fees are sought").

Here, counsel undertook this putative class action on contingency fee agreement and did not know any of the Named Plaintiffs prior to representation. Nonetheless, Named Plaintiffs have actively assisted counsel in the pursuit of the litigation by attending hearings, engaging in discovery, and sitting for depositions. There is no reason to suggest that this factor would cut against the reasonableness of the requested fee and, should the Court choose to consider this factor, find that it either supports the requested amount or is neutral.

### 12. *Barber* Factor #12: Attorney Fees Awards in Similar Cases

There are very few cases similar to the instant matter from which the court might draw some knowledge or expertise as to a prevailing rate. Named Plaintiffs' counsel was forced to expend considerable time, effort, and expertise in moving to remand and responding to the well-

14

funded defense counsel's arguments in opposition. Moreover, this putative class action was taken on contingency and Defendants acted in bad faith in removing this action solely to delay litigation and increase counsel's costs and expenses. Thus, the lack of similar cases should not cut against a finding that Named Plaintiff's requests are unreasonable in light of the totality of the circumstances.

One court, however, has awarded a similar amount for a remand motion under 28 U.S.C. § 1447(c). In *Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 407 (E.D.N.Y. 2019), the court have awarded $ 66,503.15 in attorneys' fees to plaintiffs as a result of Defendants improper removal. There, plaintiffs were represented by one firm on a *pro bono* basis and another firm that was not-for-profit. *Id.* at 401. "Plaintiffs [sought] $ 128,141.25 in attorneys' fees and $ 9,426.24 in costs, for a total of $ 137,567.49 for 351.35 hours challenging the removal of [the] matter and seeking remand between September 26, 2017 and December 22, 2017." *Id.*

The court reduced the requested award by 30% for primarily three reasons: (1) plaintiffs did not proffer "sufficient evidence that these attorneys were able to bill any other client for the kind of litigation services rendered on behalf of plaintiffs at the claimed rates nor have plaintiffs submitted affidavits from other attorneys who charge at comparable rates for comparable work," *id.* at 403 (internal quotation omitted); (2) plaintiffs' time entries showed that attorneys billed for time that should have been billed by a paralegal, *id.* at 406; and (3) plaintiffs' time entries showed an "uncompensable duplication of effort," *id.* at 407. Nonetheless, the court, in acknowledging that the amount was extraordinary, still determined that "the fault, [of such an extraordinary award], lies with defendants. Had defendants litigated sensibly, they would not be responsible for the fees awarded today." *Id.* at 408.

The issues that the court had with the plaintiffs' billing in *Cleanup N. Brooklyn* are not present here. Named Plaintiffs' counsel has provided the court with sufficient evidence to find that the rates requested are reasonable, that they were properly billed in accordance with the work done, that the time entries are not duplicative, and Named Plaintiffs' counsel devoted less than half the hours to their remand than counsel in *Cleanup N. Brooklyn*. The amount requested here is therefore reasonable and a product of Defendants insensible removal. The fault therefore lies with them.

**B. The Court Should Award Named Plaintiffs Their Costs Related to Their Remand Motion.**

"It is well-established that plaintiffs who are deemed entitled to attorneys' fees are also entitled to recover their reasonable litigation-related expenses as part of their overall award." *Glidewell*, 2012 WL 951777, at \*7; *see also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). "A defendant is indeed entitled to use any litigation strategy that it desires and pursue an aggressive defense to achieve its goal; however, the defendant cannot complain, and should not be surprised, when such a strategy increases the fees and expenses for which it may be held liable as a non prevailing party." *McKnight v. Cir. City Stores, Inc.*, 14 F. App'x 147, 153 (4th Cir. 2001).

Here, counsel incurred significant costs and expenses in seeking remand of this action, as summarized Exhibit A, and are entitled to their recovery. This includes, specifically, the costs of obtaining the Declaration of Craig McCann filed with Named Plaintiffs' reply memorandum because Defendants took issue with the opinions of Named Plaintiffs' expert, Craig J. McCann. [Dkt. No. 30 at 4 ("Defendants argue McCann's expert report improperly classifies Plaintiffs' securities, resulting in Plaintiffs attempting to recover for covered securities and thus newly

16

presenting issues that require removal.").] Thus, the costs of obtaining his declaration are reasonable and recoverable.

## CONCLUSION

For the foregoing reasons, Named Plaintiffs' counsel's fee request is reasonable and warranted in light of Defendants' abusive litigation tactic in seeking successive removals on the eve of class certification, at great expense to Named Plaintiffs. This Court therefore should award Named Plaintiffs the attorneys' fees and costs detailed in Exhibit A to this memorandum.

Respectfully submitted,

**WILLOUGHBY HUMPHREY & D'ANTONI, P.A.**

*s/R. Walker Humphrey, II*
R. Walker Humphrey, II, Fed. Bar No. 12524
133 River Landing Drive, Suite 200
Charleston, SC 29492
(843) 619-4426
whumphrey@whdlawyers.com

Mitchell Willoughby, Fed. Bar No. 4702
Margaret O'Shields, Fed. Bar No. 13973
930 Richland Street (29201)
Post Office Box 8416
Columbia, SC 29202-8416
(803) 252-3300
mwilloughby@whdlawyers.com
moshields@whdlawyers.com

*Attorneys for Plaintiffs*

November 22, 2023
Charleston, South Carolina

17