**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Donald Black, Marcia Black, Larry Martin, Rebecca Martin, Barbara Thompson, and James Thompson,<br><br>For Themselves and a Class of Similarly Situated Plaintiffs,<br><br>   Plaintiffs,<br><br>v.<br><br>Mantei & Associates, Ltd., Ricky Alan Mantei, Cindy Chiellini, Centaurus Financial, Inc., and J.P. Turner & Company, L.L.C.,<br><br>   Defendants. | Civil Action No. 3:23-cv-4149-MGL |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS**

Defendants Mantei & Associates, Ltd. ("Mantei & Associates"), Ricky Alan Mantei ("Mantei"), Cindy Chiellini ("Chiellini"), Centaurus Financial, Inc. ("Centaurus"), and J.P. Turner & Company, L.L.C. ("J.P. Turner" and, collectively, "Defendants"), hereby submit their objections to the Plaintiffs' Application for Attorneys' Fees and Costs.

### I.     Background

On November 8, 2023, this Court granted the Plaintiffs' motion to remand and ordered "Defendants to pay attorney fees and costs *related to Plaintiffs' bringing the motion to remand*." (Doc. 30 at 7) (emphasis added). However, the Court denied Plaintiffs' request for fees related to their motion to strike Defendants' surreply, reasoning that it "was objectively reasonable" to file

the surreply. *Id.* at 8. The Court allowed Plaintiffs two weeks to "file the appropriate evidence and briefing regarding the amount of attorney fees and costs." *Id.*

Despite this fee award being in place, Plaintiffs proceeded to file a seventeen-page Application for Attorneys' Fees and Costs on November 22, 2023. (Doc. 33). In their motion, Plaintiffs argued issues in favor of receiving attorney fees that this Court resolved two weeks prior. Additionally, Plaintiffs filed the Affidavit of Mitchell Willoughby itemizing Plaintiffs' fee requests. However, this affidavit makes clear that Plaintiffs seek not only attorney fees related to bringing the motion to remand; Plaintiffs also seek attorney fees related to bringing their motion for attorney fees, complying with the local rules, attending a status conference in state court post-remand, subscribing to a monthly research plan, and performing unnecessary and redundant work.

Defendants object to Plaintiffs' requests for fees to the extent Plaintiffs request excessive recovery for work unrelated to bringing the motion to remand, unnecessary work, and redundant work. This Court should deny at least $58,102.31 of Plaintiffs' requested amount because it exceeds the scope authorized by this Court's order and is unsupported by both the relevant statute and this Court's case law.

## II.     Argument

"The decision to award fees is ultimately at the discretion of the court." *Bassford v. Bassford*, 2022 U.S. Dist. LEXIS 39559, at *11 (D.S.C. Mar. 7, 2022). The court may deny requests for excessive attorney fees. *See Fair Hous. Council v. Landlow*, 999 F.2d 92, 96 (4th Cir. 1993) (holding court had discretion to deny excessive fee request, brought pursuant to 42 U.S.C. § 1988, in its entirety). "[C]ounsel seeking fees must exercise careful billing judgment and exclude any hours that are 'excessive, redundant, or otherwise unnecessary." *Blake v. Baltimore Cnty.*, 12

2

F. Supp. 3d 771, 774 (D. Md. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (*superseded in part on other grounds*)).

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "§ 1447(c) only contemplates fees related to defending against improper removal." *Bassford*, 2022 U.S. Dist. LEXIS 39559, at *14. Thus, an order awarding fees under § 1447(c) does not entitle a party to recover fees for expenses related to matters beyond bringing the motion to remand. *See id.* at *13-14 (declining to award fees for services rendered unrelated to defending improper removal); *LOP Cap. LLC v. Cosimo LLC*, 2013 U.S. Dist. LEXIS 64749, at *2-3 (D.S.C. May 7, 2013) (limiting fee award under §1447(c) to "fees and costs 'associated solely with pursuing the motion to remand'" and denying request for sanctions or "fees associated with related cases").

Despite this Court's clear directive and case law to the contrary, Plaintiffs now seek to recover fees and costs unrelated to bringing their motion to remand. Defendants object as follows.

1. <u>Plaintiffs are not entitled to recover fees or costs related to bringing their motion for attorney fees.</u>

Plaintiffs request $31,215.00 for "Time and Fees Related to Filing Evidence/Briefing Re: Amount of Attorneys Fees & Costs." (Doc. 33-1 at 5). This request should be denied in its entirety because it exceeds the scope of allowable fees under this Court's order. This Court's order did not contemplate allowing fees for proceedings unrelated to bringing the motion to remand, as evidenced by the text of the order and the denial of Plaintiffs' request for fees related to their motion to strike. Further, allowing Plaintiffs to recover attorney fees and costs related to bringing their motion for attorney fees would exceed the scope of recovery contemplated by this Court's prior case law. *See Bassford*, 2022 U.S. Dist. LEXIS 39559, at *13-14 (declining to award fees under 1447(c) unrelated to defending against removal); *LOP Cap. LLC*, 2013 U.S. Dist. LEXIS

3

64749, at *2-3 (limiting fee award under §1447(c) to "fees and costs 'associated solely with pursuing the motion to remand'" and denying request for sanctions or "fees associated with related cases"). Additionally, much of the work related to bringing the motion for attorney fees was unnecessary and redundant, as this Court had already granted Plaintiffs' request for fees when it was drafted. Accordingly, the expenses and costs associated with Plaintiffs' motion for fees should be denied.

The Plaintiffs also seek to recover the cost of obtaining the expert opinion of John S. Simmons, which they submitted in support of their attorney fee request. (Doc. 33-2). This Court should deny this request for the same reason discussed above—this cost was not related to bringing the remand motion. Thus, recovery would exceed the scope contemplated by this Court. Accordingly, this Court should deny Plaintiffs' request for $1,875 in costs on this matter.

Finally, within the itemized charges Plaintiffs list related to bringing their motion for attorney fees, Plaintiffs bill 7.20 hours on November 21, 2023 for Walker Humphrey ("Mr. Humphry") to "travel to Lexington to status conference; participate in status conference; [conduct] post-conference communications and analysis [and]; return travel to Charleston." (Doc. 33-1 at 11). Notably, this bill relates to a status conference held in state court nearly two weeks *after* this Court granted remand. This request is a prime example of an attorney fee that should not be recoverable under § 1447(c). *See LOP Cap. LLC*, 2013 U.S. Dist. LEXIS 64749, at *8 (rejecting fee request for time spent on status and scheduling calls with court). Thus, should this Court allow recovery for work related to bringing the motion for attorney fees, it should reject this 7.20-hour entry—totaling $4,320—as unrelated to the proceedings before this Court.

Accordingly, Defendants request that this Court reject Plaintiffs' request for $33,090 in fees and costs related to bringing their motion for attorney fees.

4

2. <u>Plaintiffs are not entitled to recover fees for expenses related to engaging in discovery or complying with the Local Rules of this Court.</u>

Within the attorney fee requests that Plaintiffs consider "related to remand," they attempt to recover fees for engaging in discovery and complying with this Court's Local Rules. Those charges include a 2.00 hour entry from Mr. Humphrey on August 18, 2023 for "[w]ork on discovery issues," a 2.90 hour entry from Mr. Humphrey on August 21, 2023 that includes "work on Local Rule Interrogatory 26.01 responses," a 7.40 hour entry from Margaret O'Shields on August 22, 2023 that includes working on "Plaintiffs' responses to local interrogatories," a 3.5 hour entry from Mr. Humphrey on August 22, 2023 that includes "work on Local Rule 26.01 responses," and a .50 hour entry from Mitchell Willoughby on August 29, 2023 for "[a]nalyz[ing] and review[ing] reply filed by defendants to Court's standing interrogatories." (Doc. 33-1 at 8-9).

Once again, these charges are unrelated to bringing Plaintiffs' motion to remand. Significantly, these are the exact fee requests this Court previously rejected in a § 1447(c) fee award. *See LOP Cap. LLC*, 2013 U.S. Dist. LEXIS 64749, at *7-8 (rejecting fee request entries for "Local Rule 26:01; Answers to Interrogatories" and "Local Rule 26.01 Answers to Interrogatories; Receipt and Review" under § 1447(c) fee award). This Court should accordingly reject these requests, totaling $8,165, in their entirety.

3. <u>This Court should deny the Plaintiffs' redundant and unnecessary requests to recover costs for online research.</u>

In addition to the attorney fees Plaintiffs already seek for researching and analyzing case law, Plaintiffs request recovery for the costs of online research. Plaintiffs submit three vague cost requests for "online research" totaling $701.69, $52.20, and $2,514.30. (Doc. 33-1 at 5). They offer no elaboration on the source or reason for these costs. This Court should deny these requests because they are vague, redundant, and unrelated bringing to the motion to remand. Plaintiffs likely have a monthly firmwide plan for legal research, and these entries appear to be Plaintiffs' attempt

5

to subsidize their monthly research plan on Defendants' dime. These requests far exceed the proper scope of a fee award in these circumstances and should be rejected. This Court should reject the $3,268.19 Plaintiffs seek in costs for online research.

        4. <u>Plaintiffs are not entitled to recover attorney fees for redundant or excessive work.</u>

Plaintiffs request $59,730 for "Time and Fees Related to Remand." (Doc. 33-1 at 3). As noted above, several of these charges are in fact *not* related to remand and should therefore be denied in their entirety. These improper charges notwithstanding, Plaintiffs' request for fees is still unreasonable, as much of their work was redundant and excessive. *See Blake*, 12 F. Supp. 3d at 774 ("'[C]ounsel seeking fees must exercise careful billing judgment and exclude any hours that are 'excessive, redundant, or otherwise unnecessary.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (*superseded in part on other grounds*))); *Huffman v. Saul Holdings Limited Partnership*, 262 F.3d 1128 (10th Cir.2001) (holding that the attorney's fees award under § 1447 must be reasonable.).

In analyzing reasonableness of attorney fees under § 1447, courts have held that the "lodestar" method of calculating reasonable attorney fees is the appropriate measure. *See*, *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1166-67 (N.D. Cal. 2004). The lodestar method considers two factors: the reasonableness of the number of hours and the reasonableness of the hourly rate. *Id*. Here, Defendants do not object to Plaintiffs' requested hourly rates. However, Defendants object to the number of hours spent by Plaintiffs' counsel on the tasks for which this Court has awarded fees. Specifically, Plaintiffs' counsel spent a combined 42 hours drafting a 17-page Motion to Remand and a whopping 70.5 hours drafting their 15-page reply in support of their motion to remand. (Doc. 33-1 at 3; Doc. 14; Doc. 23). A reasonable number of hours is that which would be billed by "reasonably competent counsel." *Id.* (quoting *Venegas v. Mitchell*, 495 U.S. 82, 86, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990); *Blanchard v. Bergeron*, 489

U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)). Under this analysis, spending 112.5 hours drafting 32 pages of motions is far beyond that which a reasonably competent counsel would spend, particularly where, as Plaintiffs noted in their Motion to Remand, they had previously moved to remand this matter in 2020. (Doc. 14 at 1), Moreover, because Plaintiffs' counsel's time entry descriptions are vague, it would be impossible for this Court to find that the extensive time spent was justified or reasonable.

However, in examining the itemized attorney fees for these tasks, it becomes clear how Plaintiffs' counsel incurred some of these excessive hours – by duplicating each other's efforts. For example, the chart below illustrates the time spent reviewing Defendants' Notice of Removal:

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 08-18-23 | Humphrey | "Review Notice of removal and related materials." | 1.1 |
| 08-19-23 | O'Shields | "**Review Defendants' Removal notice**; review W. Humphrey's analysis." | 0.5 |
| 08-19-23 | Willoughby | "**Analyze and review Second Removal Notice**" | 1.5 |
| 08-21-23 | O'Shields | "Work on Plaintiffs' Motion to Remand; review/analyze case law **and Defendants' Notice of Removal** re: same" | 6.2 |
| 08-21-23 | Willoughby | "**Analyze and review removal notice**; work on motion to remand" | 2.5 |
| 08-22-23 | O'Shields | "Work on Plaintiffs' Motion to Remand/Plaintiffs' responses to local interrogatories; review/analyze case law **and Defendants' Notice of Removal** re: same" | 7.4 |
| | | **TOTAL:** | **19.2** |

(Doc. 33-1 at 8 (*emphasis added*)).

Similarly, Plaintiffs' counsel spent the following time reviewing Defendants' opposition to the motion to remand:

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 09-05-23 | Humphrey | "Review and analyze Defendants' opposition to motion to remand, outlining reply to same." | 2.9 |
| 09-06-23 | O'Shields | "**Review/analyze Defendants' opposition to motion to remand**; research/analyze case law re: Plaintiffs' reply ISO motion to remand." | 6.0 |

7

| 09-07-23 | Willoughby | "**Analyze/review Defendant's Brief in Opposition; identify issues for reply**" | 3.5 |
|---|---|---|---|
| | | **TOTAL:** | **12.4** |

(Doc. 33-1 at 9 (*emphasis added*)).

As noted above, Plaintiffs may not recover redundant fees under § 1447. Accordingly, these redundant requested fees, totaling $12,787.50 (which excludes the first instance of each task listed in the charts above), should be denied in their entirety.

Finally, within the itemized expenses Plaintiffs list related to bringing their motion for remand, Plaintiffs bill $791.62 on September 29, 2023, for unspecified photocopies. (Doc. 33-1 at 10). Plaintiffs explicitly state that their work in bringing the motion for remand took place "[b]etween August 18, 2023, the date of removal, and September 26, 2023, the filing of Defendants' sur-reply." (Doc. 33-1 at 4). Because this steep $791.62 photocopy charge took place on September 29, 2023, it is unrelated to Plaintiffs' motion for remand and therefore should not be recoverable under § 1447(c), as explained above. *See, e.g.*, *Bassford*, 2022 U.S. Dist. LEXIS 39559, at *13-14; *LOP Cap.*, 2013 U.S. Dist. LEXIS 64749, at *2-3. Moreover, even if this charge were related to Plaintiffs' motion to remand, it is excessive and unreasonable because Plaintiffs provide no description whatsoever of the task allegedly related to the charge, let alone an explanation for why $791.62 in photocopies would be required in the digital age, in which all submissions to this Court are made electronically and most offices are predominantly, if not entirely, paperless. As discussed above, Plaintiffs are entitled to recover only reasonable costs and expenses. Thus, this Court should reject this $791.62 photocopy charge as unrelated to the proceedings before this Court and/or excessive and unreasonable.

Accordingly, Defendants request that this Court reject at least $13,579.12 of Plaintiffs' request for fees and costs related to bringing their motion for remand. Additionally, Defendants

request that this Court apply the lodestar method of evaluating reasonably attorney fees and further reduce Plaintiffs' requested fees as appropriate.

### III.   Conclusion

Accordingly, Defendants request that this Court deny the Plaintiffs' request for attorney fees and costs for the following entries: 1) all fees and costs associated with bringing Plaintiffs' motion for attorney fees, 2) all fees and costs associated with discovery or compliance with Local Rules, 3) all costs for online research, 4) all costs incurred through slcg consulting and Dr. McCann, and 5) all other fees or costs this Court finds unreasonable, excessive, redundant, or unnecessary. As detailed above, Defendants respectfully request that this Court deny at least $58,102.31 of the Plaintiffs' requested fee award.

Dated: December 6, 2023

Respectfully submitted,

*/s/ Michael H. Montgomery*
Michael H. Montgomery
Montgomery Willard, LLC
1002 Calhoun Street (29201)
Post Office Box 11886
Columbia, South Carolina 29211
(803) 779-3500
mhm@montgomerywillard.com

*Attorney for Mantei & Associates, Ltd., Ricky Alan Mantei, and Cindy Chiellini*

*/s/ Kevin J. Malloy*
Kevin J. Malloy
Joel H. Smith
Bowman and Brooke LLP
1441 Main Street, Suite 1200
Columbia, SC  29201-2897
(803) 726-7422
Joel.Smith@bowmanandbrooke.com
Kevin.Malloy@bowmanandbrooke.com

*Attorneys for Centaurus Financial, Inc.*

*/s/ Cory Manning*
Cory Manning
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 255-5524
Cory.Manning@nelsonmullins.com

*Attorney for J.P. Turner & Company, L.L.C.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 6th day of December, 2023, the foregoing **OBJECTIONS TO PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS** was served on all counsel of record via electronic mail.

                                             */s/ Cory E. Manning*
                                             Cory E. Manning
                                             Nelson Mullins Riley & Scarborough LLP