

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DONALD BLACK, MARCIA BLACK, LARRY MARTIN, REBECCA MARTIN, BARBARA THOMPSON, and JAMES THOMPSON, *for themselves and a class of similarly situated plaintiffs*, <br>    Plaintiffs, <br><br> vs. <br><br> MANTEI & ASSOCIATES, LTD., RICKEY ALAN MANTEI, CINDY CHIELLINI, CENTAURUS FINANCIAL, INC., and J.P. TURNER & CO., LLC, <br>    Defendants. | Civil Action No.: 3:23-04149-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING, AS MODIFIED, PLAINTIFFS' APPLICATION
FOR ATTORNEY FEES AND COSTS**

## I.    INTRODUCTION

Plaintiffs Donald Black, Marcia Black, Larry Martin, Rebecca Martin, Barbara Thompson, and James Thompson, for themselves and a class of similarly situated plaintiffs, (collectively, Plaintiffs) brought this putative class action alleging various South Carolina state law claims against Defendants Mantei & Associates, Ltd., Rickey Alan Mantei, Cindy Chiellini, Centaurus Financial, Inc., and J.P. Turner & Co., LLC (collectively Defendants).

Pending before the Court is Plaintiffs' application for attorney fees and costs. Having carefully considered the application, the objections, the reply, the record, and the applicable law,

it is the judgment of the Court Plaintiffs' application will be granted, as modified, in the amount of $58,530.00 in attorney fees and $4,477.50 in costs.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiffs brought a complaint in the Lexington County Court of Common Pleas in June 2019, in connection with securities transactions executed in brokerage accounts. They allege Defendants sold to them, and to putative class members, illiquid and "ripoff" products.

Defendants removed the case to this Court. The Court denied Plaintiffs' initial motion to remand. After Plaintiffs amended their complaint, the Court granted their second motion to remand. *Black v. Mantei & Associates, Ltd.*, No. 3:19-02097-MGL, 2020 WL 4432877 (D.S.C. July 31, 2020).

Three years later, Defendants again removed this matter, claiming Plaintiffs' recent expert opinions showed this case presents a federal question. Plaintiffs filed another motion to remand, which the Court granted, holding Defendants had raised the same arguments the Court had previously rejected. *Black v. Mantei & Associates, Ltd.*, No. 3:19-02097-MGL, 2023 WL 7388943 (D.S.C. Nov. 8, 2023) (Remand Order). The Court also granted Plaintiffs' request for attorney fees and costs and directed them to file briefing regarding the appropriate amount.

Their application followed. Defendants objected to the amount of fees and costs sought, and Plaintiffs replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the application.

**III.     STANDARD OF REVIEW**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009). When deciding what constitutes a "reasonable" number of hours and rate, the Fourth Circuit has instructed that the Court's discretion should be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978).

Although the Court considers all the factors, they need not be strictly applied in every case inasmuch as some of the factors may be inapplicable. *See E.E.O.C. v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) (stating seven of the twelve factors were inapplicable in the matter).

"[T]he law of this circuit has long been clear that federal district courts have inherent power and an obligation to limit attorneys' fees to a reasonable amount." *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 243 (4th Cir.2010) (citations omitted).

## IV.     DISCUSSION AND ANALYSIS

As an initial matter, in Plaintiffs' reply, they state they have withdrawn certain requests for attorney fees and costs. The Court thus refrains from considering those requests in the below analysis.

### A.     *Whether the Court should award all Plaintiffs' requested attorney fees*

#### 1.     *Application for Attorney Fees and Complying with the Local Rules*

Plaintiffs contend they are entitled to fees and costs arising out of their application for attorney fees and costs and preparing Local Rule 26.01 interrogatory responses because they would have failed to incur these expenses but for the removal. Defendants posit Plaintiffs are entitled only to fees and costs arising out of the motion to remand itself.

As stated above, 28 U.S.C. § 1447(c) allows recovery for fees "incurred as a result of the removal." By its plain language, this fails to limit a fee award to a motion to remand. In the Remand Order, however, the Court "require[d] Defendants to pay attorney fees and costs related to Plaintiffs' bringing the motion to remand." Remand Order at *4.

The Court determines fees and costs arising out of Plaintiffs' application of attorney fees and complying with the Local Rules are outside the scope of its grant of attorney fees and costs in the Remand Order. The Court will thus reduce its award accordingly.

#### 2.     *Motion to Remand*

As to the requested fees arising out of preparing the motion to remand, the Court will analyze their reasonableness using the *Barber* factors.

##### a.     *"the time and labor expended"*

Defendants contend Plaintiffs duplicated work by having different attorneys work on the same tasks.

Having more than one attorney working on a task fails to automatically result in wasted time and labor. It is this Court's experience having multiple attorneys work on different subtasks, such as research or editing, is common. And, such division would require each attorney to become acquainted with the briefing and issues.

The Court determines this factor weighs in favor of the reasonableness of Plaintiffs' requested amount of attorney fees.

### b.     *"the novelty and difficulty of the questions raised" and "the skill required to properly perform the legal services rendered"*

In Plaintiffs' motion to remand, they maintained Defendants raised the same arguments it had previously set forth when this case was originally before this Court. Thus, the questions raised were, by their own admission, not "novel." This is, however, a complex securities case that presented difficult subject matter, and thus requires some skill to properly set forth the arguments.

The Court thus determines this factor indicates the over one-hundred hours claimed by Plaintiffs are unreasonable.

### c.     *"the attorney's opportunity costs in pressing the instant litigation"*

This factor supports the reasonableness of Plaintiffs' requested attorney fees because absent Defendants' frivolous removal, Plaintiffs could have devoted work to other matters.

### d.     *"the customary fee for like work"*

Plaintiffs request attorney fees at the rate of $700 per hour for Mitchell Willoughby (Willoughby), $600 per hour for Walker Humphrey (Humphrey), and $375 per hour for Margaret O'Shields (O'Shields). Defendants acknowledge the reasonableness of these rates.

According to Plaintiffs, these rates represent each attorney's standard rate for new clients. And, Plaintiffs have presented evidence these rates are within the prevailing market rates in the Columbia legal community for the type of work in this case. *See Plyler v. Evatt*, 902 F.2d 273,

277 (4th Cir.1990) ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." (internal quotation marks omitted) (citation omitted)).

This factor weighs in favor of the reasonableness of Plaintiffs' requested rates.

### e.     *"the attorney's expectations at the outset of the litigation"*

This factor fails to sway this Court one way or the other.  Although there was no reasonable basis for removal, it is the Court's experience attorney fees are rarely awarded in the case of remand.  Thus, although Plaintiffs received a grant of attorney fees, it was a hardly a result they could have counted on.

### f.     *"the time limitations imposed by the client or circumstances"*

This case involves a putative class of elderly South Carolina citizens.  Plaintiffs contend this creates urgency of resolution, especially with Defendants' "surprise removal" on the eve of motions for class certification.  Application at 11.

The Court determines this factor weighs in favor of the reasonableness of Plaintiffs' requested fees.

### g.     *"the amount in controversy and the results obtained"*

Here, Plaintiffs obtained the result they sought: remand.  Additionally, it appears that had the Court denied remand, Defendants would have moved to dismiss the case entirely.  *See* Remand Order at *3 ("In fact, it appears as though Defendants ask the Court to revisit its prior ruling so it can secure dismissal of this case in its entirety.").  The stakes—and thus the amount in controversy—of the motion to remand were therefore high.

Thus, this factor weighs in favor of the reasonableness of Plaintiffs' requested fees.

### h. *"the experience, reputation and ability of the attorney"*

Plaintiffs contend the experience, reputation, and ability of counsel supports their requested rates. Defendants fail to question these credentials, and the Court sees no reason to do so, either. This factor thus supports the reasonableness of Plaintiffs' requested rates.

### i. *"the undesirability of the case within the legal community in which the suit arose"*

Plaintiffs point to the risk of taking on a contingency fee case and the length of the case as demonstrative of this case's undesirability. It also avers Plaintiffs' counsel is relatively lesser funded than defense counsel, thus increasing the difficulty of successfully litigating the case.

The Court determines this factor weighs slightly in favor of the reasonableness of Plaintiffs' requested fees.

### j. *"the nature and length of the professional relationship between attorney and client"*

Plaintiffs' counsel lacked any relationship with Plaintiffs before the initiation of this case but has represented them for three years during its pendency. The Court determines this factor is neutral.

### k. *"attorneys' fees awards in similar cases"*

Plaintiffs point to a single Eastern District of New York case in which the court awarded $66,503.15 in attorney fees. *Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 407 (E.D.N.Y. 2019). That amount is about half the amount requested by Plaintiffs.

Moreover, courts in this circuit have routinely awarded less than $60,000 in fees under Section 1447(c). *See, e.g.*, *Kerr v. Branch Banking & Trust Co.*, Civil Action Nos. 2:10–CV–00104–MBS, 2:10–CV–00109–MBS, 2:10–CV–00110–MBS, 2:10–CV–00111–MBS, 2011 WL

1131314, at *4 (D.S.C. Mar. 28, 2011) ($39,424.11); *LOP Capital LLC v. Cosimo LLC*, Civil Action No. 7:11-cv-03312-JMC, 2013 WL 1901231, at *3 (D.S.C. May 7, 2013) ($11,812.50); *N.C. ex rel. Stein v. Tinted Brew Liquid Co., LLC*, No. 1:19-CV-886, 2020 WL 13553831, at *3 (M.D.N.C. Jan. 30, 2020) ($11,428.13).

Although these cases are all somewhat distinguishable, they provide helpful benchmarks for this Court.

The Court determines this factor weighs against the reasonableness of awarding Plaintiffs' all their requested fees.

### 3.    *Conclusion*

Based on its analysis of the above factors, the Court will award fees to Plaintiffs based on their requested rates.

It will, however, reduce the number of hours to remove hours related to filing the application for attorney fees (reducing the requested award by $26,895.00), filing the reply to the Defendants' objections (reducing the requested award by $16,337.50), and complying with Local Rule 26.01 (reducing the requested award by $1,925.00).

There were certain time entries that included both work on Local Rule 26.01 interrogatories and work on the motion to remand.  The Court notes that for determining how much to deduct for those entries, it assigned one hour for the Local Rule 26.01 interrogatories and the rest to the motion to remand.  Thus, the $1,925.00 figure above includes only one hour's worth of fees for each of those entries.

This would result in 110.5 hours for work on the motion to remand (24 hours by Willoughby, 41.3 hours by Humphrey, and 45.2 hours by O'Shields).  In the Court's experience

as both a judge and a plaintiffs' attorney, this is a reasonable amount of time for competent attorneys to complete work on a motion such as this.

Altogether, the Court will award $58,530.00 in fees.

### B.     *Whether the Court should award all the costs requested by Plaintiffs*

Plaintiffs seek to recover costs for online research related to remand, obtaining an affidavit from expert John S. Simmons (Simmons) to support their application for attorney fees, and obtaining a declaration from expert Craig J. McCann (McCann) to support remand.  Defendants challenge each of those costs, although they fail to provide any reasoning for their objection to McCann's report.

As to the costs for online research, Plaintiffs explain those costs are ordinarily billed to the firm's clients.  They aver they have requested "only the specific portion of the firm's overall Westlaw charges which are directly attributable to the motion to remand." Reply at 9–10.

Because Plaintiffs' counsel utilizes a flat-fee monthly Westlaw subscription service, the Court determines the more than $3,000.00 requested to subsidize online research is unreasonable. The Court will thus refrain from requiring Defendants to pay it.

Moreover, as to the costs of Simmons's affidavit, the Court determines an fees expert was outside of the scope of fees and costs awarded in its Remand Order.  The Court will thus exclude this cost, as well.

As to the costs of McCann's declaration, however, Defendants' fail to explain why they should be excluded.  The Court obtaining an expert opinion in support of remand was reasonable, given Defendants' arguments, and thus will order Defendants to pay this cost.

The Court will therefore award $4,477.50 in costs for McCann's declaration.

## V.  CONCLUSION

For the reasons stated above, it is the judgment of the Court Plaintiffs' application for attorney fees and costs is **GRANTED**, as modified, in the amount of $58,530.00 in attorney fees and $4,477.50 in costs.

**IT IS SO ORDERED.**

Signed this 18th day of April 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
